IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH D. WIVELL and <br> TINA M. WIVELL, husband and wife, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. 6:12-cv-3457 |
| WELLS FARGO BANK, N.A. <br> d/b/a WELLS FARGO HOME MORTGAGE, <br> et al., | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes to the United States District Court for the Western District of Missouri, Southern Division, the case styled Kenneth D. Wivell, et al., v. Wells Fargo Bank, N.A., Case No. 12PU-CV01555, from the Circuit Court of Pulaski County, Missouri, where the case is now pending. Wells Fargo states the following concerning this Notice of Removal.

1. On August 9, 2012, Plaintiffs Kenneth D. Wivell and Tina M. Wivell (collectively, "Plaintiffs") filed their original Petition in the Circuit Court of Pulaski County, Missouri. A copy of the Petition is attached hereto at Exhibit A.

2. Wells Fargo was served with the Summons and Petition on or about September 17, 2012.

3. This Notice of Removal is filed within thirty (30) days of the date on which the case became removable and therefore is timely pursuant to 28 U.S.C. § 1446(b).

4. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is within the United States District Court's jurisdiction under 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Diversity of citizenship exists between Plaintiffs and Defendants under 28 U.S.C. § 1332(a). Plaintiffs are residents of Missouri. *See* Pet. ¶ 1. Defendant Wells Fargo is a federally-chartered bank with its main office located in South Dakota. As such, Wells Fargo is a citizen of South Dakota for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *see also* Wachovia Bank, N.A. v Schmidt, 546 U.S. 303, 306 (2006) (holding that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

6. Although the Petition names Missouri-based Kozeny & McCubbin, L.C. ("K&M") as a Defendant, it has been fraudulently joined to this action and its citizenship must be disregarded by the Court for the purpose of evaluating diversity jurisdiction under 28 U.S.C. § 1332 and whether a case can be removed under 28 U.S.C. § 1441.

7. Plaintiffs previously filed a similar action based upon the same underlying allegations that Wells Fargo removed to this Court on February 17, 2012. *See* Case No. 6:12-cv-03091-RED. Plaintiffs dismissed that case without prejudice on April 23, 2012 and then refiled the case in the Circuit Court of Pulaski County, Missouri. In addition to naming Wells Fargo as a defendant, Plaintiffs added K&M to this second suit. However, as explained below, in this wrongful foreclosure-based action, Plaintiffs cannot assert a plausible claim against K&M, who merely served as the trustee of the deed of trust during the foreclosure process.

8. A defendant is fraudulently joined when there is no reasonable basis for a claim against it. *See, e.g.*, Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). That standard is met here because the Complaint does not assert any facts that form the basis of a cause of action against K&M. K&M consents to this removal.

9. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010). Where "the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (quoting Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

10. K&M's citizenship must be disregarded because there is no "reasonable basis supporting" the claims as a matter of law. Filla, 336 F.3d at 810; Loo v. Gen. Elec. Co., No. 4:10CV1444SNLJ, 2010 WL 3892216, at *2 (E.D. Mo. Sept. 29, 2010) (same). This Court found the joinder of K&M fraudulent and denied a motion to remand in a similar case where the plaintiff could not identify a specific duty that K&M had breached. *See* Caranchini v. Kozeny & McCubbin, LLC (Caranchini I), No. 4:11-CV-0464-DGK, 2011 WL 5921364, at *4 (W.D. Mo. Nov. 28, 2011). This Court should likewise disregard the joinder of K&M.

11. As a starting point, the Count III alleges a violation of the Missouri Merchandising Practices Act ("MMPA") against both defendants. Plaintiffs have alleged that K&M's violations stem from "providing false and misleading information regarding its relationship with Wells Fargo, suggesting it had no access to information about Plaintiffs' loan, [] categorically refusing to aid or assist Plaintiffs in any way, and [] failing to carry out its duties as Trustee" (Pet. ¶ 79). These events allegedly occurred between April and June 2010 (Pet. ¶ 41),

while Plaintiffs' purchase of the property occurred in February 2006 (Pet. ¶ 11). As a result, these allegations are not cognizable under the MMPA—they fall outside the scope of the statute's coverage by several years, for the reasons explained below.

12. In Hess v. Wells Fargo Home Mortg., No. 4:12CV22 TIA, 2012 WL 872752 (E.D. Mo. Mar. 14, 2012), the plaintiffs brought claims to quiet title and for MMPA violations. The plaintiffs alleged that MERS and Wells Fargo violated the MMPA because, inter alia, they knew or had reason to know that the initial lender was not the holder of the note and that, accordingly, Wells Fargo was not legally the assignee of the deed of trust. The court granted the defendants' motion to dismiss, finding that the plaintiffs failed to state a claim under the MMPA. Relying on the Missouri Court of Appeals decision in State ex rel. Koster v. Prof'l Debt Mgmt., LLC, 351 S.W.3d 668 (Mo. App. E.D. 2011), the court was

> not persuaded that actions occurring after the initial sales transaction, which do not relate to any claims or representations made before or at the time of the initial sales transaction, and which are taken by a person who is not a party to the initial sales transaction, are made "in connection with" the sale or advertisement of merchandise as required by the [MMPA].

Id. at *4 (quoting Prof'l Debt Mgmt., 351 S.W.3d at 674). The court noted that, rather than identify a sales transaction or an advertisement of merchandise, plaintiffs had merely alleged "that the Defendants violated the MMPA by representing that the Deed of Trust was properly transferred." Id. Notably, all of the defendants' purported actions "occurred *after* the sale of the home and [did] not demonstrate a relationship between the alleged unfair practice or deception and the *initial sale* of the property." Id. (second emphasis in original).

13. Similarly, in Willis v. US Bank NA, No. 4:12CV854 CDP, 2012 WL 3043023 (E.D. Mo. July 25, 2012), the court granted U.S. Bank's motion to dismiss in an action seeking a declaratory judgment of superior title on a piece of real property along with allegations under the

KC01DOCS\1097627.3\C073620\0332926   4
Case 6:12-cv-03457-RED   Document 1   Filed 10/17/12   Page 4 of 14

MMPA. The court held that the complaint had failed to allege any potential violation of the MMPA "in connection with the initial purchase of [the] property." Id. at *3. The court noted that, "[i]n fact, the Complaint specifically note[d] that U.S. Bank was not a party to the initial purchase and supplied no money for the initial purchase." Id. Accordingly, the plaintiffs failed to properly allege an MMPA claim.

14. In this case, all of Plaintiffs' MMPA allegations concern activities occurring several years after the actual sales transaction and which were unrelated to that transaction. Like the plaintiffs in both Hess and Willis, Plaintiffs have alleged no representations about K&M that date to the time of their purchase of the home in 2006 (Pet. ¶ 11). After a gap of four years, Plaintiffs focus on alleged discussions with K&M that transpired "[a]t various points *between April 2010 and June 30, 2010* . . . " (Pet. ¶ 41) (emphasis added). There is no "connection" between these alleged violations with Plaintiffs' actual purchase of their home in 2006. This type of downstream attack is not the purpose of the MMPA. *See* Hess, 2012 WL 872752, at *4; Willis, 2012 WL 3043023, at *3. As a result, these allegations are unsound.

15. Moving past the erroneous MMPA claim, the remaining allegations against K&M derive from a fundamental misunderstanding of the role of a trustees under a deed of trust. Plaintiffs point to a single point in time (K&M's refusal to become involved in an alleged loan dispute with Wells Fargo, described in ¶¶ 14-37 of the Petition) and have extrapolated that into a multi-count allegation with no basis in Missouri law. Each one of these counts suffers from the willful refusal to accept the limited role of a trustee under Missouri law.

16. Throughout the Petition, Plaintiffs project a number of phantom duties onto K&M that have no basis whatsoever in the law. As the logical starting point, the Petition alleges a claim (Count VII) against K&M for breach of an alleged fiduciary duty to Plaintiffs. *See* Pet.

at ¶¶ 108-119. Plaintiffs then provide a catalogue of supposed "fiduciary duties owed to Plaintiffs" (Pet. at ¶ 112(a)-(i)). These allegations alternate between variously-broad and precise duties, such as "failing to consider evidence that would have prevented foreclosure," "refusing to aid or assist Plaintiffs in any way," and "failing to obtain basic information justifying foreclosure . . . " (Pet. ¶ 112(b), (f), (i)). The problem with these assertions is that "[t]he duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust." Caranchini v. Bank of America, N.A. (Caranchini II), Nos. 4:10-CV-00672, 4:11-CV-00464, 2012 WL 1833396, at *3 (W.D. Mo. May 18, 2012) (quoting Spires v. Edgar, 513 S.W.2d 372, 378 (Mo. 1974)); *see also* Lick Creek Sewer Sys. v. Bank of Bourbon, 747 S.W.2d 317, 322 (Mo. App. S.D. 1988) (same). In other words, the "duties" of a trustee are governed by explicit enumeration in the security instrument and under the Missouri foreclosure statute. To that extent, Plaintiffs have actually attached the relevant deed of trust as Exhibit A to their Petition. In the Petition itself, however, Plaintiffs have not pointed to the portions of the deed of trust that contains these "duties," and for good reason: none of them appear anywhere in the deed of trust. These duties are all illusory. *Cf.* Caranchini II, 2012 WL 1833396, at *3 ("Where the deed of trust does not contain a provision directing the trustee to investigate a property's title, there is no requirement that the trustee initiate one."). Indeed, the Missouri foreclosure statute does not even require the trustee to have seen the promissory note. *See* RSMo. ch. 433; *see also* Spires, 513 S.W.2d at 380 ("We have seen no case where a trustee has been held liable in damages for a failure to make an investigation of the default before foreclosure."). Plaintiffs have created them out of whole cloth, and they are not recognized under the law.

17. In the same vein, Plaintiffs cannot contest K&M's decision to proceed with foreclosure. Although a trustee under a deed of trust can have duties that run to the debtor,

"when requested by the creditor to foreclose, the trustee may proceed without making any affirmative investigation unless the trustee has *actual knowledge* 'of anything which should *legally* prevent the foreclosure.'" Killion v. Bank Midwest, N.A., 987 S.W.2d 801, 813 (Mo. App. 1998) (quoting Spires, 513 S.W.2d at 378 (second emphasis in original)).

18. Like many borrowers, Plaintiffs allege that they were unhappy with the foreclosure process, but Plaintiffs do not allege any facts to credibly support a claim that K&M had "actual knowledge" of any legal basis preventing a foreclosure from occurring under their deed of trust. Plaintiffs' allegations only convey that they voiced their own "frustrations and concerns relating to Wells Fargo" to K&M, not that K&M itself "knew" anything flawed about the process it was conducting (Pet. ¶ 42). As such, these complaints triggered no special duties on the part of K&M. *See* Killion, 987 S.W.2d at 813. In any event, Plaintiffs' allegations are actually centered on K&M's unwillingness to venture beyond its actual duties under the deed of trust.

19. Plaintiffs repeatedly contest, in its breach of fiduciary claim and in others, that K&M "represent[ed] that it 'worked for' Wells Fargo" (Pet. ¶ 112(c)). While this assertion by K&M may have perplexed Plaintiffs at the time, this statement is merely a reflection of Missouri law. Under the law, the trustee is not simply the agent of the mortgagor, but also the mortgagee. *See* Boatmen's Bank of Jefferson County v. Community Interiors, Inc., 721 S.W.2d 72, 76 (Mo. App. E.D.1986) ("Initially we note that a trustee, exercising a power of sale under a deed of trust, is the agent of both mortgagee and mortgagor and should act with impartiality and integrity."); Lick Creek Sewer, 747 S.W.3d at 322 ("A trustee in a deed of trust acts in a fiduciary capacity and he must act with complete integrity, fairness, and impartiality toward both the debtor and the creditor."); Caranchini II, 2012 WL 1833396, at *3 (same).

20. In reality, Plaintiffs' allegations of K&M's supposed "breaches" consisted of a demand for K&M to breach its mirrored fiduciary duties *to Wells Fargo*. By requesting these actions, Plaintiffs wished for K&M to step outside its highly limited duties to both parties—as properly defined in the deed of trust—and cease its impartiality during the foreclosure process by stepping in solely to represent Plaintiffs' interests. *Cf.* Caranchini II, 2012 WL 1833396, at *3 (outlining the full scope of K&M's duties in an indistinguishable deed of trust). As a result, it should be no surprise to Plaintiffs that K&M would assert that it "worked for" Wells Fargo when Plaintiffs requested assistance beyond K&M's actual duties—K&M *was* an agent Wells Fargo, just as it was an agent of Plaintiffs, and K&M could not breach its duties to either. In reality, Plaintiffs' allegations boil down to a recognition that K&M, as an agent, did not breach its fiduciary duties to Wells Fargo when it elected to remain neutral in Plaintiffs' personal dispute with Wells Fargo over their loan. *See* Boatmen's Bank, 721 S.W.2d at 76; Lick Creek Sewer, 747 S.W.3d at 322. In short, Plaintiffs have not alleged any plausible breach of K&M's duties to Plaintiffs because those duties are so narrowly circumscribed by the deed of trust.

21. These fundamental misunderstanding of K&M's role in the foreclosure process carries over to Plaintiffs' other claims. For the most part, Plaintiffs have grouped both defendants together, obscuring the actual allegations against K&M. For example, Count I (wrongful foreclosure) never once even names K&M in its individual capacity. *See* Pet. ¶¶ 49-60. Meanwhile, it identifies Wells Fargo five times. All of Plaintiffs' assertions can thus simply be characterized as a reprise of their misconception of K&M's role in the foreclosure process. Not only did K&M simply carry out its duties under the deed of trust, "[i]n a lawsuit affecting title to a mortgaged property a trustee is not an indispensable party." Caranchini II, 2012 WL 1833396, at *2 (citing Casper v. Lee, 245 S.W.2d 132, 138-39 (Mo. banc 1952) (wrongful

KC01DOCS\1097627.3\C073620\0332926         8
Case 6:12-cv-03457-RED   Document 1   Filed 10/17/12   Page 8 of 14

foreclosure action)). As a result, K&M is both incorrectly and unnecessarily named in the wrongful foreclosure count.

22. Plaintiffs also allege counts of fraudulent misrepresentation (Count II) and negligent misrepresentation (Count VI) against both defendants. In the fraudulent misrepresentation claim, Plaintiffs' assertions against K&M once again allege that "Kozeny falsely represented that it 'worked for' Wells Fargo," and that it "had no information about Plaintiffs' situation and that it could not help them stop the foreclosure process or keep their home" (Pet. ¶ 63). Similarly, for the negligent misrepresentation claim, Plaintiffs allege that KYM "represented to Plaintiffs that it 'worked for' Wells Fargo, that it had no information about Plaintiffs' loan, and that it could not aid or assist Plaintiffs in any way, and failed to provide any information or assistance to Plaintiffs." As described above, there is nothing "fraudulent"—or even wrong—about these statements. K&M risked breaching its fiduciary duties to its other fiduciary, Wells Fargo, if it intervened to assist Plaintiffs to Wells Fargo's detriment. Moreover, K&M was not responsible for Plaintiffs' loan documents or procuring them for Plaintiffs. The deed of trust makes this clear in both Paragraph 22 (the operative section) and the rest of the deed of trust, which describes, in detail, the loan arrangements between Wells Fargo and Plaintiffs, not between Plaintiffs and K&M. *See* Pet., Ex. A. K&M's role consisted of carrying out the duties within the deed of trust, including conducting a sale if so requested by Wells Fargo.

23. Moreover, Plaintiffs have failed to assert any actual reliance or damages based on K&M's representations. *See* <u>Clark v. Olson</u>, 726 S.W.2d 718, 719 (Mo. banc 1987) (defining elements of fraudulent misrepresentation); <u>Kesselring v. St. Louis Group, Inc.</u>, 74 S.W.3d 809, 813 (Mo. App. E.D. 2002) (defining negligent misrepresentation). The fraudulent

misrepresentation claim makes the cursory statement that "Plaintiffs did in fact rely on Defendants' false and misleading representations," and nothing more (Pet. ¶ 70). The negligent misrepresentation claim asserts that the reliance consisted of "applying for loan modifications, making payments, and in deciding what actions to pursue (or not pursue) in relation to the foreclosure process" (Pet. ¶ 105). To begin, it is difficult to see where the "damages" lie within this allegation, as nothing matches Plaintiffs' specified damages at the end of the Petition. *See* Pet. ¶ 127(a)-(g). These "damages" do not even match Plaintiffs' own allegations. Plaintiffs allege that they had been in the process of seeking loan modifications for more than a year before they contacted K&M. *See* Pet. ¶¶ 14-37, 41. They do not allege any payments to Wells Fargo during that timeframe. *See* Pet. ¶¶ 29-37. And any decisions about "what actions to pursue (or not pursue) in relation to the foreclosure process" is not a cognizable claim for damages, even if it were justified (which it is not). *See* Kesselring, 74 S.W.3d at 813 (requiring an actual "pecuniary loss")

24. Next, Plaintiffs assert a count of negligence against K&M (Count V). To begin, this claim is not cognizable. Plaintiffs allege that "Kozeny, acting as trustee, had assumed a duty and responsibility for overseeing the servicing of Plaintiffs' loan" (Pet. ¶ 93). As described previously, this is a gross misstatement of K&M's role in this process. Any duties placed upon K&M came from the deed of trust. Moreover, a trustee has nothing to do with the servicing of a mortgage. It was not the trustee's place to accept payments, let alone chaperone lenders throughout the life of the loan. Paragraph 22 of the deed of trust makes it patently clear that the trustee's role is largely confined to a short period of time when the foreclosure sale arises. *Cf.* Caranchini II, 2012 WL 1833396, at *3. Any assertion to the contrary misconceives a trustee's role under Missouri law. And Plaintiffs recognize this. Nowhere does the Petition allege

that K&M had *anything* to do with servicing Plaintiffs' loans. Moreover, this negligence claim is barred by the economic loss doctrine. "Missouri prohibits a cause of action in tort where the losses are purely economic." Rockport Pharm. v. Digital Simplistics, 53 F.3d 195, 198 (8th Cir. 1995).

25. The final two claims are really corollaries of these other claims. First, Plaintiffs have alleged a civil conspiracy against both defendants (Count IV). Everything in this count is recycled: K&M's insistence that it could not furnish information to Plaintiffs, its statement that it "worked for" Wells Fargo; its "repeated refusals to aid or assist Plaintiffs in any way"; and its "false and misleading statements that it had no information regarding Plaintiffs' loan" (Pet. ¶ 86(a), (e), (f), (g)). A necessary element of the civil conspiracy claim is an unlawful action. *See* Lick Creek Sewer, 747 S.W.2d at 323 (requiring "one or more unlawful overt acts"). But as described above, K&M never committed any unlawful acts. As alleged, everything K&M did was completely lawful. As a result, this claim must fail.

26. The final claim (Count VIII, misidentified as "Count X") is unjust enrichment against K&M. The issues are identical to those in the flawed civil conspiracy claim. Plaintiffs have contested K&M's receipt of its trustees fees from the sale (Pet. ¶ 121, 123). But Plaintiffs cannot carry their burden of proving that K&M ever engaged in "unlawful conduct," as Plaintiffs allege (Pet. ¶ 122). As described above, K&M carried out its fiduciary duties correctly throughout the sale, and received the fees due to K&M under the deed of trust. *See* Pet., Ex. A ¶ 22. This claim is just another continuation of Plaintiffs' dissatisfaction with K&M's refusal to breach its fiduciary duties to Wells Fargo during the foreclosure. As a result, this claim likewise fails.

KC01DOCS\1097627.3\C073620\0332926                11
Case 6:12-cv-03457-RED   Document 1   Filed 10/17/12   Page 11 of 14

27. Despite the existence of claims asserted against it, K&M is thus a defendant in this action in name only, is not a real party in interest, and cannot be considered for purposes of determining diversity jurisdiction. Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1214-15 (8th Cir. 2011) ("[A] plaintiff cannot defeat a defendant's right of removal by 'fraudulently joining a defendant who has no real connection with the controversy'") (quoting Knudson v. Sys. Painters, Inc., 634 F.3d 968, 976 (8th Cir. 2011)); Pecherski v. Gen. Motors Corp., 636 F.2d 1156, 1161 (8th Cir. 1981) (diversity jurisdiction exists and "a court may permit removal if the plaintiff's joinder of [resident] defendants was fraudulent or such defendants are merely nominal parties against whom no real relief is sought"); Caranchini I, 2011 WL 5921364, at *4 ("If there is no reasonable basis in fact or law for the claim, the court ignores the citizenship of the fraudulently joined defendant for purposes of determining diversity.").

28. Complete diversity of citizenship exists pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1). As required by 28 U.S.C. § 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought."

29. From the face of the Petition, the matter in controversy exceeds the sum or value of $75,000.00, in that Plaintiffs assert that they have suffered damages in an amount in excess of $194,000.00, and further seek to set aside the foreclosure sale relating to the subject real property, the purchase of which Plaintiffs financed through a loan in the amount of $147,000.00. *See* Pet. ¶¶ 12, 127, Ex. A. Moreover, Plaintiffs' Prayer for Relief seeks punitive damages for at least seven of the eight counts[1] of the Petition. *See* Pet. ¶¶ 60, 72, 81, 89, 99, 107, 119, 126. A request for punitive damages is properly included in the determination of whether

---

[1] Although the Petition appears to have ten ("X") counts, it does not contain counts numbered eight or nine.

the "amount in controversy" requirement has been satisfied. <u>Larkin v Brown</u>, 41 F.3d 387, 389 (8th Cir. 1994). Accordingly, the matter in controversy is in excess of $75,000.00.

30. A copy of this Notice of Removal will be filed in the Circuit Court of Pulaski County, Missouri and served upon Plaintiffs' counsel.

31. Attached hereto at Exhibit A are true and correct copies of all process, pleadings, and orders served upon Wells Fargo in the Circuit Court of Pulaski County, Missouri.

32. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Western District of Missouri, Southern Division, geographically embraces the state court in Pulaski County, Missouri in which Plaintiffs filed their state court action.

WHEREFORE, Defendant Wells Fargo Bank, N.A. hereby removes this case from the Circuit Court of Pulaski County, Missouri to this Court for all further proceedings, as provided by law, and that, pursuant to 28 U.S.C. § 1446, the Circuit Court for the County of Pulaski, Missouri proceed no further unless and until such further Order of this Court.

**Respectfully submitted,**

**BRYAN CAVE LLP**

By: <u>s/ Eric D. Martin</u>
    Eric D. Martin    MO #47558
    Jonathan B. Potts    MO #64091
    211 North Broadway, Suite 3600
    St. Louis, Missouri 63102
    (314) 259-2000 (telephone)
    (314) 259-2020 (facsimile)

<pre>
                                      Jennifer A. Donnelli    MO #47755
                                      1200 Main Street, Suite 3500
                                      Kansas City, MO 64105
                                      (816) 374-3200 (telephone)
                                      (816) 374-3300 (facsimile)

                                      ATTORNEYS FOR DEFENDANT
                                      WELLS FARGO BANK, N.A.
</pre>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of October, 2012, the foregoing was served via United States mail, first class postage prepaid, to the following counsel of record:

>Erich V. Vieth
>John E. Campbell
>The Simon Law Firm
>800 Market Street, Suite 1700
>St. Louis, MO 63101
>
>Gregory W. Aleshire
>Aleshire Robb, P.C.
>2847 S. Ingram Mill Road, Suite A-102
>Springfield, MO 65804
>
>Attorneys for Plaintiffs
>
>Clinton P. Woerth
>Eric B. Wetzel
>Patrick Murphy
>Kozeny & McCubbin, L.C.
>Fairway Corporate Center
>4220 Shawnee Mission Parkway, Suite 200B
>Fairway, KS 66205
>
>Attorneys for Defendant Kozeny & McCubbin, L.C.

<pre>
                                      s/ Eric D. Martin
                                      Attorney for Defendant
</pre>