**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **KENNETH D. WIVELL and** | ) |
| **TINA M. WIVELL, husband and wife,** | ) |
| | ) |
| Plaintiff, | ) |
| | )     Case No. 6:12-cv-3457 |
| v. | ) |
| | ) |
| **WELLS FARGO BANK, N.A.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT KOZENY & MCCUBBIN, L.C.'S SUGGESTIONS**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**I. Introduction and Background.**

Plaintiffs' action arises from the foreclosure sale of real property once owned by them wherein Defendant Kozeny & McCubbin, L.C. ("**Kozeny**") served as the successor trustee under a deed of trust held by Defendant Wells Fargo Bank, N.A. ("**Wells Fargo**"). *Compl. ¶ 41.* Plaintiffs' Complaint contains eight individual counts as follows:[1] I) Wrongful Foreclosure; II) Fraudulent Misrepresentation; III) Violations of the Missouri Merchandising Practices Act; IV) Civil Conspiracy; V) Negligence; VI) Negligent Misrepresentation; VII) Breach of Fiduciary Duty; and VIII) Unjust Enrichment. Each and every claim that Plaintiffs allege against Kozeny fails as a matter of law. The underlying reason for this is that Plaintiffs have not made any claim that Kozeny executed its limited trustee duties improperly in performing the sale.

Plaintiffs' Complaint is lengthy, containing over one hundred and twenty eight (128) numbered paragraphs. However, no combination of the factual allegations pled within it amount to single viable cause of action against this defendant. This can be seen most readily by

---

[1] Count number eight (VIII) of the Complaint (originally a Petition in State Court before removal) is actually denominated "Count X," however, it is the eighth and last count of the Complaint and for clarity, this Motion will refer to it as Count VIII.

examining the Complaint's faulty legal conclusions; conclusions that constitute the core of every Count that Plaintiffs have attempted to lay against Kozeny.

This Memorandum of Law therefore is divided into the following sections: The first section addresses the applicable pleading requirements. The second section addresses the underlying faulty legal conclusions pled against Kozeny in every count. The third section separately addresses each count against Kozeny in the order presented in the Complaint and sets forth any additional reasons why the count is not properly pled. Finally, the forth section deals with Plaintiffs' failure to include necessary and indispensable parties and how that failure also requires dismissal of the Complaint.

## II. Arguments and Authorities.

### A.    Standard for Motions to Dismiss

A court should dismiss any complaint that fails to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). When a court considers whether a motion to dismiss should be granted or not under FED.R.CIV.P. 12(b)(6), "[a]ll of the plaintiff's factual allegations are presumed to be true and construed in the light most favorable to the plaintiff." *Carter v. Martinez*, No. 93-1093, 1994 WL 413319, at *1 (10th Cir. Aug. 5, 1994). In addition,

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. We assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Gutierrez v. Torres, 2011 U.S. App. LEXIS 5983, 7-8 (10th Cir. Mar. 23, 2011), citing *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). If all facts pled by a plaintiff are taken as true and construed in favor of the plaintiff, and still the plaintiff cannot plead a set of facts that would

Case 6:12-cv-03457-RED   Document 11   Filed 10/24/12   Page 2 of 22

entite him to relief, a dismissal is warranted of a plaintiff's Complaint. *See, Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc.* 24 F.3d 125, 128 (10th Cir. 1994).

In addition, those factual allegations cannot simply be bare allegations that there has been a harm caused; something more is required to show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual material that if taken as true states a claim that is plausible on its face. *Id*. A claim is plausible on its face when the facts as alleged give the Court an opportunity to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id*. Only well-pled facts are to be considered as true for purposes of then determining whether those facts give rise to a plausible claim for relief. *Id*. at 1949-50. Threadbare recitals of the elements of a cause of action and legal conclusions are not to be considered when deciding on a motion to dismiss. *Id*. at 1949. If the well-pled facts do not give rise to a plausible cause of action, then it must be dismissed. *Id*.

Finally, "The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions 'which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.'" *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (*quoting Neitzke v. Williams*, 490 U.S. 319, 326027, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). For this reason, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). It must include sufficient factual information to "provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

Although a complaint challenged by a Rule 12(b)(6) motion need not provide detailed factual allegations, neither "labels and conclusions" nor a "formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (citations omitted). Where a court can infer from the factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

**B.** **The Legal Conclusions Underlying Every Cause of Action Pled Against Kozeny Fail as a Matter of Law.**

> *1.* *Plaintiffs' theory as to their lack of "true" default fails as their actual default is admitted.*

Plaintiffs' claim that they were not in "true" default because Wells "lulled and misled [them] into default." Pet. ¶¶ 51, 52. Yet Plaintiffs do not deny that they failed to make their monthly mortgage payments; in fact, they affirmatively admit that they stopped making payments so that they could seek a loan modification. Pet. ¶¶ 14, 17. Further, this concept of a "true default" is not found in Missouri law. Nor is the concept in line with the decisional authority concerning defaults in foreclosure actions.

Rather, those decisions clearly and repeatedly hold that a "plaintiff seeking damages in a wrongful foreclosure action must plead and prove that… there was no default **on its part** that would give rise to a right to foreclose." *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 571 (Mo. App. 2009) (emphasis added) (quoting *Dobson v. Mortg. Elec. Registration Sys.*, 259 S.W.3d 19, 22 (Mo. App. E.D. 2008)). Again, Plaintiffs' have affirmatively pled a default *on their part*. Pet. ¶ ¶ 17, 18. Moreover, "[a] plaintiff must 'plead and prove such **compliance with the terms of the deed of trust** as would avoid lawful foreclosure.'" *Dobson*, 259 S.W.3d at 22

(emphasis added) (quoting *Spires v. Lawless*, 493 S.W.2d 65 (Mo. App. 1973)). Plaintiffs have not pled compliance with the terms of the deed of trust. Pet. ¶ 17; Pet. Ex. A (Deed of Trust ¶ 1).

The specious notion that a "true default" is required is one not founded in Missouri law. In actuality, it is in conflict with the great weight of authority that specifically requires a Plaintiff plead and prove *its* compliance with the deed of trust's terms before such an action can be brought. Here, noncompliance with the terms of the deed of trust is specifically admitted to, therefore no wrongful foreclosure tort cause of action will lie.

2. **Plaintiffs' theory that Kozeny has duties outside of those in the Deed of Trust is contrary to established Missouri law.**

In attempting state claims against Kozeny, the Complaint places many duties on the trustee that simply do not exist. The duties of a trustee under a deed of trust are actually very limited. The underlying responsibility of which is to simply perform the sale in a fair and impartial manner. *See Krug v. Bremer*, 316 Mo. 891, 900 (Mo. 1927); *Bates v. Director of Revenue*, 691 S.W.2d 273, 277 (Mo. 1985); *Federal Nat'l Mortg. Asso. v. Howlett*, 521 S.W.2d 428, 432 (Mo. 1975).

A trustee's duties and powers are limited to those "fixed by the terms of the contract, namely, the deed of trust." *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. 1974) (citing *Adams v. Boyd*, 332 Mo. 484, 58 S.W.2d 704 (1933)). The *Spires* case revolved around the borrowers' claim that the trustee had a duty to investigate the nature of their default prior to foreclosing under the deed of trust. *Id.* They alleged that the trustee had an affirmative duty to look into the nature of the default that was leading up to the foreclosure. *Id.* The court found that where there is no provision for any investigation by the trustee, there is no requirement that the trustee commence one. *Id.*

5

The additional duties that Plaintiffs' are incorrectly attempting to tack on to the trustee are as follows:

1)  *The trustee must oversee the servicing of Plaintiffs' loan*. Pet. ¶ 93. This is clearly not a duty not found in Missouri law or in the deed of trust. Pet. Ex. A ¶ 22 (the Deed of Trust). Moreover, it fundamentally misunderstands the role of the trustee under a deed of trust. A trustee has no duties or authority whatsoever until the lender exercises its power of sale;

2)  *The trustee must aid or assist Plaintiffs in retaining their home*. Pet. ¶¶ 45, 63, 79, 86(f), 97, 102, 112(f). There is simply no such duty under Missouri law, or within the deed of trust;

3)  *The trustee must provide Plaintiffs' with information (it allegedly has or allegedly could get from the lender) regarding their loan*. Pet. ¶¶ 44-45, 63-64, 79, 86(g), 97, 102, 112(e). Again, there is no duty that the trustee have, obtain, or divulge any information (if it has any) about Plaintiffs' loan; and

4)  *A trustee law firm cannot also work for the lender as counsel (and it somehow breaches a trustee duty if it does so)*. Pet. ¶¶ 4, 44, 46, 63, 79, 86(e), 97, 102, 112(c). Again, there is no requirement that the trustee abstain from working for the lender as counsel. Contrary to this assertion, Missouri law has addressed this issue and it is clear that a law firm can serve as both counsel for the lender and as trustee under the deed of trust. *Judah v. Pitts*, 333 Mo. 301, 312 (Mo. 1933) ("The fact that the creditor's agent, attorney or employee is the trustee will not invalidate the sale.").

Plaintiffs' claims all rest on the idea that the trustee has the above duties, which duties are not found in the deed of trust and are not imposed upon the trustee under well established

Missouri law. In fact, quite the contrary is true. Simply put, Plaintiffs' have manufactured duties to support their claims and because those duties do not exist, their claims fail.

**C.**     **All Counts of Plaintiffs' Complaint Must be Dismissed for Failing to State a Claim Upon Which Relief May be Granted.**

      *1.*     *Count I of the Complaint must be dismissed as it fails to state a claim upon which relief can be granted for wrongful foreclosure in that:*

          **a.**    **Plaintiffs have failed to state a claim for wrongful foreclosure in either tort or equity.**

The elements of a tort action for wrongful foreclosure are well-established under Missouri law: 1) the commencement of foreclosure by sale (as distinguished from judicial action) of a deed of trust; 2) at a time when there is not a breach of condition or failure of performance by the mortgagor that would authorize foreclosure; 3) so that the foreclosure is absolutely void. *Williams v. Kimes*, 996 S.W.2d 43 (Mo. Banc 1999); *Peterson v. Kansas City Life Ins. Co.*, 98 S.W.2d 770 (Mo. 1936). As previously discussed, Plaintiffs have affirmatively alleged a breach of the payment terms under their note and deed of trust. This admission is fatal to their claim for damages under wrongful foreclosure.

If there is a right to foreclose, the most that can be alleged is an improper execution of a right to foreclose and the only remedy to that is to set aside the sale. *Peterson v. Kansas City Life Ins. Co.*, 98 S.W.2d 770, 776 (Mo. 1936). In order to state a claim for wrongful foreclosure warranting the setting aside of the sale a party must plead and prove "fraud, unfair dealing or mistake was ***involved in the trustee's sale***." *Am. First Fed., Inc. v. Battlefield Ctr., L.P.*, 282 S.W.3d 1, 8-9 (Mo. Ct. App. 2009) (emphasis added) (citation omitted). The Complaint is devoid of factual allegations regarding the foreclosure sale itself. Nothing is alleged to support any contention that the trustee did not perform the sale properly. Instead, the Complaint merely alleges the trustee violated duties that it does not owe. Moreover, none of these fabricated duties

relate to the foreclosure sale process. Therefore, Plaintiffs have failed to allege facts sufficient to support an equitable wrongful foreclosure claim.

>    **b.    Plaintiffs have failed to plead facts sufficient to show how the trustee, Kozeny, could be liable on a claim of wrongful foreclosure.**

It has long been held that no cause of action for wrongful foreclosure may lie against a trustee as long as they were authorized to proceed by the mortgagee and did not have actual knowledge of the mortgagee's lack of a right to foreclose. *Edwards v. Smith*, 322 S.W.2d 770, 777 (Mo. 1959). Far from alleging that the mortgagee lacked the right to foreclose, the Complaint affirmatively establishes the mortgagee's right to do so. It even appears that Plaintiffs confirmed this in their alleged communications with the trustee. Pet. ¶ 42 (Plaintiffs informed the trustee that they were attempting to reinstate their loan and where having difficulties in modifying it).

Plaintiffs did not allege that they informed Kozeny that they were not in default; they did not state that they had reinstated the loan, or that it had been modified. Moreover, the deed of trust specifically precludes modification negotiations, extensions of time, or forbearances of any kind from operating as a waiver or estoppel of the lender in enforcing any of its rights thereunder. Pet. Ex. A ¶ 12. Additionally, if any agreement were to be reached that would modify the terms of the deed of trust, they must be in writing as oral agreements are not enforceable. Pet. Ex. A ¶ 27. No such writing has been alleged to exist or come to the knowledge of the trustee. Thus, the trustee did not have actual knowledge of the mortgagee's lack of a right to foreclose and this cause fails against Kozeny.

8

c. **The trustee under the deed of trust is an unnecessary party when seeking to set aside the sale.**

Here, Kozeny is named solely on the basis that it was appointed the successor trustee of the deed of trust in question. Under Missouri law a trustee is not an indispensable party to an action affecting a deed of trust. *Libby v. Uptegrove*, 988 S.W.2d 131, 132 (Mo. App. 1999) (Stith, J.). Similarly, the trustee is not an indispensable party in a lawsuit affecting title to a mortgaged property. *Casper v. Lee*, 245 S.W.2d 132, 138-39 (Mo. banc 1952). This is because the deed of trust does not vest title in the trustee, it simply creates a lien in favor of the mortgagee. 988 S.W.2d at 132. The grantor remains the owner of the land until entry for breach of the condition of the deed of trust. *State ex rel. State Hwy. Comm. v. Thelnor, Inc.,* 485 S.W.2d 443, 445 (Mo. App. 1972). Since the trustee has no interest in the property, the trustee is not an indispensable party even in proceedings that seek to cancel the deed and take title to the underlying property. *Id.* (holding the trustee to a deed of trust is not a necessary party in an action to condemn property subject to deed of trust).

More specifically, the setting aside of the sale is not a form of relief that requires the trustee's participation. The trustee simply has no interest in the property. It has been said that, "[a] better statement of the rule is that while ordinarily all parties to a transaction or instrument sought to be invalidated should be made parties, this is not true if, 'it is obvious that the one not joined has no interest whatever in the subject matter of the suit.'" *Williams v. Kimes*, 25 S.W.3d 150, 158 (Mo. 2000) (dissenting opinion as to other grounds) (citing *Casper*, 245 S.W.2d at 138).

There are no facts alleged to support that Kozeny holds any interest in the property other than being appointed as the trustee. There are no allegations that Kozeny holds a lien against the property, it owns the property, or it claims any ownership interest in it. Unless Plaintiffs can show that Kozeny has an interest in the subject property other than its role as successor trustee

under the deed of trust, Kozeny should be dismissed from Count I insofar as it seeks to set aside the foreclosure sale or otherwise affect the deeds in question.

### 2. Count II of the Complaint should be dismissed as Plaintiffs fail to state a claim for Fraudulent Misrepresentation.

Count II is derivative of Count I and it fails for the same reasons. It alleges that the trustee had the ability and a duty to obtain information about Plaintiffs' loan and to provide it to them. Pet. ¶ 64. As addressed above, the law is quite clear that the trustee has no such duty. The applicability of this Count to Kozeny is questionable at best because the statements allegedly made and relied on were not those allegedly made by Kozeny. Instead the Count (as it relates to Kozeny) merely alleges trustee duties (that do not exist under the law) and their violation. Nevertheless, this Count fails to state a claim as it fails to plead facts to support the elements of the cause against Kozeny.

To survive a motion to dismiss, each and every element of fraudulent misrepresentation must be supported by adequately pled facts. The elements of the cause are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 132 (Mo. 2010). Missouri Supreme Court Rule 55.15 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Thus, the fraud must clearly appear from the allegations of fact independent of conclusions. And, all the elements of fraud must be pleaded. Failure to plead any one of the essential elements properly is

fatally defective." *Miller v. Ford Motor Co.*, 732 S.W.2d 564, 565 (Mo. App. E.D. 1987) (internal citations omitted).

Count II merely recites many of the elements for this cause of action without factual enhancement. First, the representations of Kozeny are wholly unrelated to the underlying reliance and materiality and injury allegations. The gravamen of the count is that Plaintiffs were lulled into defaulting. No facts alleged connect Kozeny to any lulling, which occurred well before any foreclosure action began. The Kozeny representations themselves are not false as a matter of law (as previously addressed) and they are largely not representations, but instead allegations that Kozeny breached non-existent duties.

Allegations of Kozeny's knowledge of the truth and intent that Plaintiffs rely are merely recitations of those elements without any factual enhancement. Pet. ¶¶ 65-67. They are legal conclusions that the court, without more, must treat as no statements at all. *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949. Further, Plaintiffs' reliance on Kozeny's representations, the materiality of them and injury therefrom are simply not pled.

Count II is not properly directed at Kozeny and as a result it is not properly pled. It fails to plead facts necessary to support the elements for this cause as against Kozeny. Count II must therefore be dismissed for failing to state a claim.

> **3.      Count III of the Complaint should be dismissed as Plaintiffs fail to state a claim for violations of the Missouri Merchandising Practices Act.**

In Count III, Plaintiffs claim that Wells and Kozeny violated the Missouri Merchandising Practices Act ("**MMPA**") by charging foreclosure costs and fees to Plaintiffs. A careful reading of Count III reveals that Plaintiffs' claims for violations of MMPA are entirely derivative of their claims of wrongful foreclosure as alleged in Count I. The gravamen of Count III is that Kozeny breached duties it does not have, and for that reason alone it was a deceptive trade practice for

Kozeny to receive payment for services rendered in regards to the foreclosure sale. Because Count III is derivative of Count I, it fails to state a claim for the same reasons, that is, Plaintiffs fail to allege that Kozeny breached any duty.

There are, however, additional grounds for why Plaintiffs have failed to state a claim for MMPA violations. Section 407.020 of the MMPA makes it unlawful to engage in "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or concealment, suppression, or omission of any material fact *in connection with the sale* or advertisement of any merchandise in trade or commerce." R.S.Mo. § 407.020 (emphasis added). Yet, where the alleged acts of deception or unfair practices are not committed in connection with the sale or advertising of merchandise, such acts cannot form the basis of a MMPA claim. *State ex rel. Koster v. Prof'l Debt Mgmt., LLC*, 2011 Mo. App. LEXIS 530 (Mo. App. E.D. 2011). In *Prof'l Debt Mgmt* ("PDM"), the Attorney General brought an action claiming that PDM's actions in collecting a debt were deceptive and therefore a violation of MMPA. The State made no allegations that PDM was a party to the initial transactions with the consumer, or that there were any unfair practices or acts of deception made with regard to the initial consumer transactions. *Prof'l Debt Mgmt* at 3. The Court of Appeals affirmed the trial court's dismissal of the complaint on the ground that the alleged collection activities were not "in connection with" the initial sales transaction. *Prof'l Debt Mgmt* at 18-19.

In the present case, there is no allegation that Kozeny had any involvement with Plaintiffs or Plaintiffs' loan prior to Kozeny being appointed successor trustee. In the absence of allegations that Kozeny was involved in the initial mortgage/sales transaction, *Prof'l Debt Mgmt.* controls the disposition of Count III against Kozeny and mandates its dismissal.

12

**4.** **Count IV of the Complaint should be dismissed as it fails to state a claim for Civil Conspiracy.**

A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act or use unlawful means to do an otherwise lawful act. *Trimble v. Pracna*, 51 S.W.3d 481, 500 (Mo. Ct. App. 2001). It is not a cause of action unto itself, but rather a means of extending liability to parties who may have aided others in committing a tort without committing all of the elements of the tort themselves. *Id*. at 501. "To establish a claim for civil conspiracy, some Missouri cases state that the plaintiff must plead sufficient facts to support the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful n8 acts; and, (5) damages." *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 586 (Mo. Ct. App. 2008)(citing, *Lyn-Flex West, Inc. v. Dieckhaus*, 24 S.W.3d 693, 700 (Mo. App. E.D. 1999)). "Other cases state the elements of civil conspiracy as: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged." *Id*.,(citing, *Creative Walking, Inc. v. American States Ins. Co*., 25 S.W.3d 682, 688 (Mo. App. E.D. 2000). "Thus, it appears that the unlawfulness element can be found in either the ends sought or the means used." *Id*.

To survive a motion to dismiss, allegations of conspiracy "must be pled with sufficient specificity." *Manis v. Sterling,* 862 F.2d 679, 681 (8th Cir. 1998). A claim of wrongful conspiracy without alleging supporting facts is no claim at all. *Johnston v. Norrell Health Care, Inc.*, 835 S.W.2d 565, 568 (Mo. App. 1992). The meeting of the minds must be pled with sufficient facts to support the elements: not only because Missouri law requires it, (*Lyn-Flex West, Inc. v. Dieckhaus*, 24 S.W.3d 693, 700 (Mo. Ct. App. 1999)), but because *Iqbal* and *Twombly* require Plaintiff to plead facts sufficient to show more than the mere possibility that

Case 6:12-cv-03457-RED   Document 11   Filed 10/24/12   Page 13 of 22

there was a meeting of the minds to commit any of the torts alleged elsewhere in the Complaint. Count IV simply alleges – with no elaboration or explanation of the facts – that there was a meeting of the minds. This is insufficient, and Count IV must be dismissed.

Plaintiffs' conspiracy claims fail for three reasons. First, the allegations do not meet the pleading standard required. Plaintiffs fail to describe the role of any particular defendant in the conspiracy, who participated in the conspiracy, or where, when or how the conspiracy occurred. Plaintiffs only generally assert that "Defendants… combined and agreed together to plan and scheme to wrongfully foreclose." Pet. ¶ 83. Plaintiffs' only allegation addressing the existence of the conspiracy provides that "Defendants agreed… after a meeting of the minds, based on communications." Pet. ¶ 85. These conclusory statements fail to rise to the pleading standards required and are therefore inadequate. *See Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1063 (8th Cir. 2005) ("although [plaintiff] alluded to a meeting of the minds in the Complaint, it did not support the assertion with any specific allegations of collusion and thus cannot withstand the motion to dismiss.").

Plaintiffs' conspiracy claim also fails because Plaintiffs did not sufficiently identify each defendant's role in the alleged conspiracy. As Plaintiffs do throughout the Complaint, they merely allege Wells lulled them and Kozeny breached made-up duties.

Lastly, Missouri law is clear that there is no cause of action for civil conspiracy unless there is an underlying actionable tort. *See Gettings v. Farr,* 41 S.W.3d 539, 541 (Mo. App. 2001). Plaintiffs' claim must fail because if Plaintiffs' underlying tort claims fail to state a cause of action, the conspiracy claim also fails as a matter of law. *See Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 586 (Mo. App. 2008). As discussed, all Plaintiffs' tort claims are inadequately pled

or fail as a matter of law. Therefore, Plaintiffs' conspiracy claim must also fail and should be dismissed.

### 5. Count V of the Complaint should be dismissed as it fails to state a claim for Negligence.

Count V claims Kozeny breached its duty to "oversee[] the servicing Plaintiffs' loan," and the other aforementioned non-existent trustee's duties (*see* Section II(B) above). Pet. ¶¶ 93, 97. As has been repeatedly addressed in this brief, the trustee's duties are set by law and by the deed of trust. The duties Kozeny allegedly breached do not exist, nor are these fabricated duties even related to the foreclosure sale process. The negligence allegations rely entirely on Plaintiffs' claims for wrongful foreclosure as alleged in Count I. Therefore, Count V fails for the same reasons as Count I and should be dismissed on those same grounds.

Count V should also be dismissed on additional independent grounds. A claim of negligence requires the Plaintiff to show: 1) that the defendant had a duty to protect the plaintiff from the injury claimed, 2) the defendant failed to perform that duty, 3) the defendant's failure to perform proximately caused the injury, and 4) actual damages to the claimant's person or property. *Sill v. Burlington N. & Sante Fe Ry.*, 87 S.W.3d 386, 391 (Mo. Ct. App. 2002). Plaintiffs have failed to allege a duty owed was breached.

No actual duty of the trustee is alleged, nor its breach. The Complaint's fabricated duties of the trustee are also not causally related to the injuries claimed. The Complaint fails to plead the necessary elements of a negligence claim as against Kozeny and therefore Count V must be dismissed.

**6.      Count VI of the Complaint must be dismissed as it fails to state a claim for Negligent Misrepresentation.**

To survive a motion to dismiss, each and every element of negligent misrepresentation must be supported by adequately pled facts. *See Sheppard v. East*, 192 S.W.3d 518, 523 (Mo. App. E.D. 2006). The elements of the cause are:

> (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. 2010) (citations omitted).

Count VI of the Complaint recites many of the elements for this cause of action without any factual enhancement. First, the representations of Kozeny are wholly unrelated to any reliance, materiality and injury allegations. The gravamen of the Complaint is that Plaintiffs were lulled into defaulting. No facts alleged connect Kozeny to any lulling, which occurred well before any foreclosure action began. Second, the Kozeny representations themselves are not false as a matter of law (as previously addressed) and no facts are alleged showing how the representations are otherwise false, which is fatal to this claim. *See Bailey v. Hawthorn Bank*, 2012 Mo. App. LEXIS 943 (Mo. App. W.D. July 31, 2012). Third, "[a] negligent misrepresentation claim is premised upon the theory that the speaker believed that the information supplied was correct, but was negligent in so believing." *M&H Enterprises v. Tri-State Delta Chems., Inc.*, 35 S.W.3d 899, 904 (Mo. App. S.D. 2001). Plaintiffs have affirmatively pled that Kozeny knew the representations were false and thus this claim fails as alleged. Pet. ¶ 65. Fourth, Kozeny's lack of knowledge of the truth and failure to exercise reasonable care are

mere recitations of the elements without factual enhancement. Pet. ¶¶ 103-104. Both of these allegations are legal conclusions that the court, without more, must treat as no statements at all. *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949. Fifth, the elements requiring that the information be provided in the regular course of business and be provided for guidance in a particular business transaction are completely absent from the Complaint.

Count VI is not properly directed at Kozeny and as a result it is not properly pled. It fails to plead facts necessary to support the elements for this cause of action in regards to Kozeny, therefore, Count VI must be dismissed for failing to state a claim.

7. ***Count VII of the Complaint Should be dismissed as it fails to state a claim for a Breach of Fiduciary Duty.***

"An adequately pleaded claim for breach of fiduciary duty consists of the following elements: '1) the existence of a fiduciary relationship between the parties, 2) a breach of that fiduciary duty, 3) causation, and 4) harm.'" *Robert T. McLean Irrevocable Trust U/A/D v. Patrick Davis, P.C.*, 283 S.W.3d 786, 792-793 (Mo. App. S.D. 2009) (citation omitted). For a submissible breach of trustee's duty case, the trustee under a deed of trust must have had actual knowledge of a legal basis that would have prevented foreclosure. *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo. App. W.D. 1998).

The Complaint has failed to allege a breach of any trustee duty. Plaintiffs appear to argue that the information provided to the trustee was sufficient to show a lack of default on their part, and because the lack of default was known to the trustee, it breached its duty in holding a foreclosure sale. As discussed above, the information allegedly provided does not show a lack of default. Thus, the facts pled fail to support a breach of trustee duty claim because no legal basis preventing foreclosure is alleged to have been provided, rather, the right to foreclose was verified by Plaintiffs' alleged communication with the trustee.

Moreover, the duties allegedly breached are not true duties of a trustee under a deed of trust. *See* Pet. ¶ 112. A trustee's duties and powers are limited to those "fixed by the terms of the contract, namely, the deed of trust." *Spires*, 513 S.W.2d at 378. None of the fabricated duties alleged in the Complaint are actual duties of the trustee, therefore, this Count fails to state a claim and must be dismissed.

### 8. Count VIII[2] of the Complaint should be dismissed as it fails to state a claim for Unjust Enrichment.

Plaintiffs' claim of unjust enrichment relies entirely on their claim of wrongful foreclosure in Count I. This claim can only survive if the funds alleged were unjustly received. The unjustness of the receipt of funds relies entirely on the theory that Wells and Kozeny had no authority to conduct the foreclosure sale. Defendant, Kozeny, fully incorporates again here its previous arguments demonstrating the flaws in this theory. For those reasons, Count VIII fails to state a claim.

There are additional grounds for why Plaintiffs have failed to state a claim for unjust enrichment. To establish the elements of an unjust enrichment claim, a plaintiff must prove that 1) he conferred a benefit on the defendant; 2) the defendant appreciated the benefit; and, 3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances. *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. App. E.D. 2006); *Graves v. Berkowitz*, 15 S.W.3d 59, 61 (Mo. App. W.D. 2000). Here again, Plaintiffs have failed to plead the required elements as against Kozeny.

Plaintiffs do not allege how Kozeny was unjustly enriched. At a bare minimum, they would have to allege what benefit *Kozeny*, the trustee, had received from Plaintiffs. First, the foreclosure proceeds are not retained by the trustee, who must pay over those amounts to other

---

[2] Mistakenly denominated as "Count X".

Case 6:12-cv-03457-RED   Document 11   Filed 10/24/12   Page 18 of 22

parties per the terms of the deed of trust. Pet. Ex. A ¶ 22. Second, the costs and fees are not taxed to the borrower by the trustee, rather they are amounts paid by the lender which may or may not be recoverable by the lender against the borrower under the terms of the deed of trust. *Id*. In short, the Complaint does not plead a benefit conferred by Plaintiffs to the trustee.

The Complaint fails to allege the elements of this cause of action. No facts are pled to show how Plaintiffs conferred a benefit to Kozeny (element 1), without a benefit to confer it cannot be appreciated (element 2), nor was any benefit conferred unjustly (element 3) because the theory to support unjust circumstances is faulty (as explained above). For all the foregoing reasons, Count VIII fails to state a claim against Kozeny for unjust enrichment, and it should be dismissed as to this defendant.

**D.**     **The Complaint should be dismissed for failing to join indispensable parties.**

Plaintiffs' ask that the foreclosure sale be set aside which would re-vest title to the property in Plaintiffs. Pet. ¶ 60. Obviously, in order to *re-vest* the property in Plaintiffs, the court must first *divest* some other person of their interest in the subject property. Plaintiffs' Complaint asks the court to strip somebody of their rights in the subject property, but Plaintiffs have failed to name the current owner of the property as a defendant in this action.  The property in this case was sold at a foreclosure sale to an unnamed purchaser. Pet. ¶ 37. Missouri Rule of Civil Procedure 52.04(a) provides that:

> [A] person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may … impair or impede the person's ability to protect that interest or [*ii*] leave any of the persons already parties subject to a substantial risk of incurring … inconsistent obligations by reason of the claimed interest."

MO.R.CIV.P. § 52.04(a).

"The failure to join an indispensable party to litigation is so fundamental and jurisdictional as to require its consideration by this court whether raised by the parties or not." *Steiner v. Vatterott*, 973 S.W.2d 191, 194 (Mo. App. E.D. 1998) (quoting *Spellerberg v. Huhn*, 672 S.W.2d 728, 729 (Mo. App. E.D. 1984)). "In an action to set aside a foreclosure sale and to cancel the trustee's deed all the parties to the instrument sought to be cancelled must be parties to the action unless it is obvious that the one not joined had no interest in the subject matter of the suit." *Euge v. Golden*, 657 S.W.2d 689, 692 (Mo. Ct. App. 1983) (citation omitted). The Supreme Court has held a trustee under a deed of trust was "not a necessary party to this suit and, in no sense, was he an indispensable party without whose presence there could not be a complete determination of the controversy." *Casper v. Lee*, 245 S.W.2d 132, 138-139 (Mo. 1952). However, the absence of the holder of the note and deed of trust in an action to set aside a trustee sale deprived the trial court from jurisdiction to grant relief. *Euge*, 657 S.W.2d at 692. In *Euge*, the plaintiff was the purchaser at the sale and was therefore already a party. *Id*.

Here, there was a foreclosure sale wherein an unknown and unnamed party purchased the subject property. There are also potential subsequent purchasers and/or lien holders that have not been included in the present action. Plaintiffs' Complaint seeks not only monetary damages from the named Defendants but also the equitable relief of setting aside the sale. The current owner and lien holders, if any, are integral parties to an action to set aside a sale that seeks to divest their interests in the subject property. In fact, they are necessary and indispensable to the action. Failure to include the current owner is fatal to Plaintiffs' cause of action and to the Court's jurisdiction in granting the relief requested. Thus, Plaintiffs' action for wrongful foreclosure should be dismissed for failure to include an indispensable party.

### III. Conclusion.

Each and every claim that Plaintiffs' allege against Kozeny fails as a matter of law. The Complaint relies on faulty legal conclusions that Kozeny owed duties that do not exist under the law. The alleged breach of these fabricated duties constitutes the core of every claim made against Kozeny. Because these duties do not exist, all of Plaintiffs' claims fail.

In addition, Plaintiffs have failed to include indispensable parties to this matter such that the relief requested cannot be granted. For these, and all of the foregoing reasons, Plaintiffs' Complaint must be dismissed in its entirety as against Kozeny.

WHEREFORE, Defendant Kozeny & McCubbin, L.C. moves this Court to dismiss the claims in Plaintiff's Complaint against Kozeny with prejudice, for its cost and fees incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

KOZENY & McCUBBIN, L.C.

/s/ Patrick Murphy
Patrick D. Murphy, MBE#52890
Fairway Corporate Center
4220 Shawnee Mission Parkway, Suite 200B
Fairway, KS 66205
Telephone:     (913) 677-0253
Facsimile:     (913) 831-6014
Email:         pmurphy@km-law.com
**Attorneys for Defendant**
**Kozeny & McCubbin, L.C.**

<u>**Certificate of Service**</u>

       I hereby certify that on the <u>24</u> day of <u>October</u>, 2012, a true and correct copy of the above was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system:

Erich V. Vieth, Esq.
John E. Campbell, Esq.
The Simon Law Firm
800 Market Street, Suite 1700
Saint Louis, MO 63101
**Attorneys for Plaintiffs**

Gregory W. Aleshire, Esq.
Aleshire Robb, P.C.
2847 S. Ingram Mill Road, Suite A-102
Springfield, MO 65804
**Attorney for Plaintiffs**

Eric D. Martin, Esq.
Jonathon B. Potts, Esq.
211 N. Broadway, Suite 3600
Saint Louis, MO 63102
**Attorney for Wells Fargo Bank, N.A.**

Jennifer A. Donnelli, Esq.
1200 Main St., Suite 3500
Kansas City, Missouri 64105
**Attorney for Wells Fargo Bank, N.A.**

                    /s/ Patrick D. Murphy