IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH D. WIVELL and TINA M. WIVELL, husband and wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 6:12-CV-03457-RED |
| WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT WELLS FARGO BANK, N.A.'S
SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

BRYAN CAVE LLP
Eric D. Martin, MO Bar # 34242
Jonathan B. Potts, MO Bar # 64091
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
(314) 259-2020 (fax)

Jennifer A. Donnelli, MO Bar # 47755
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO 64105
(816) 374-3200
(816) 374-3300 (fax)

Attorneys for Defendant Wells Fargo Bank, N.A.

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

DISCUSSION ...................................................................................................................... 2

I.  PLAINTIFFS' BREACH OF FIDUCIARY DUTY FAILS TO STATE A
    CLAIM ..................................................................................................................... 2

    A.  K&M Had No Obligation to Follow up on Plaintiffs' Telephone
        Complaints Either Under the Terms of the Deed of Trust or by
        Operation of Law ......................................................................................... 2

    B.  K&M's Alleged Statement That It "Worked for" Wells Fargo Has
        No Legal Implication .................................................................................... 4

    C.  No Duty of Loyalty Exists Under Missouri Law Between a Trustee
        and Borrower ................................................................................................ 5

    D.  Plaintiffs' Attached Cases Are Inapposite ................................................... 7

II. PLAINTIFFS' OTHER COUNTS LIKEWISE FAIL TO STATE A
    CLAIM ..................................................................................................................... 8

    A.  Fraudulent Misrepresentation ...................................................................... 8

    B.  Negligent Misrepresentation ........................................................................ 9

    C.  Negligence ................................................................................................. 11

    D.  Violation of the Missouri Merchandising Practices Act ............................ 12

    E.  Civil Conspiracy ........................................................................................ 14

    F.  Wrongful Foreclosure ................................................................................ 14

    G.  Unjust Enrichment ..................................................................................... 15

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

*Cases*

*Amburgy v. Express Scripts, Inc.*,
   471 F. Supp. 2d 1046 (E.D. Mo. 2009) .......................................................................... 13

*Boatmen's Bank of Jefferson County v. Comm'y Interiors, Inc.*,
   721 S.W.2d 72 (Mo. App. E.D. 1986) .............................................................................. 4

*Boatmen's Bank of Pulaski County v. Wilson*,
   833 S.W.2d 879 (Mo. App. S.D. 1992) ........................................................................ 5, 6

*Borders v. Trinity Marine Products, Inc.*,
   No. 1:10CV146 HEA, 2010 WL 5139343 (E.D. Mo. Dec. 9, 2010) ............................... 2

*Caranchini v. Kozeny & McCubbin, LLC*,
   No. 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D. Mo. Nov. 28, 2011) .............. 3, 14

*Casper v. Lee*,
   245 S.W.3d 132 (Mo. banc 1952) ................................................................................... 14

*Cloud v. Kansas Loan & Trust Co.*,
   52 Mo. App. 318 (1893) .................................................................................................... 5

*DePeralta v. Dlorah, Inc.*,
   No. 11-1102-CV-SJ-ODS, 2012 WL 4092191 (W.D. Mo. Sept. 17, 2012) .................. 12

*Filla v. Norfolk S. Ry. Co.*,
   336 F.3d 806 (8th Cir. 2003) ............................................................................................. 2

*Grand Teton Mountain Investments, LLC v. Beach Properties, LLC*,
   --- S.W.3d ---, 2012 WL 4056854 (Mo. App. S.D. Sept. 17, 2012) ................................ 4

*Hallquist v. United Home Loans, Inc.*,
   No. 11-04265-CV-C-NKL, 2012 WL 1980656 (W.D. Mo. June 1, 2012) ..................... 3

*Hess v. Wells Fargo Home Mortg.*,
   No. 4:12CV22 TIA, 2012 WL 872752 (E.D. Mo. Mar. 14, 2012) ................................ 13

*Judah v. Pitts*,
   62 S.W.2d 715 (Mo. 1933) .................................................................................. 4, 5, 8, 9

*Killion v. Bank Midwest, N.A.*,
   987 S.W.2d 801 (Mo. App. W.D. 1998) ...................................................................... 3, 9

*Moses.com Secs. v. Comprehensive Software*,
  406 F.3d 1052 (8th Cir. 2005) ....................................................................................... 14

*Nixon v. Lichtenstein*,
  959 S.W.2d 854 (Mo. App. E.D. 1997) .......................................................................... 5

*Pace v. Wells Fargo Bank, N.A.*,
  No. 4:11-CV-489 CAS, 2012 WL 3705088 (E.D. Mo. Aug. 27, 2012)........................ 11

*Ramsey v. Boatmen's First Nat'l Bank of Kansas City, N.A.*,
  914 S.W.2d 384 (Mo. App. W.D. 1996)......................................................................... 5

*Rippy v. JP Morgan Chase Bank, N.A.*,
  Cause No. 1111-CV06677 (St. Charles County Mar. 29, 2012) .................................... 7

*Scanwell Freight Express STL, Inc. v. Chan*,
  162 S.W.3d 477 (Mo. banc 2005).................................................................................. 6

*Schwarz v. Kellogg*,
  243 S.W. 179 (Mo. 1922) ............................................................................................... 4

*Spires v. Edgar*,
  513 S.W.2d 372 (Mo. banc 1974)......................................................................... 2, 3, 11

*State ex rel. Koster v. Prof'l Debt Mgmt., LLC*,
  351 S.W.3d 668 (Mo. App. E.D. 2011) ....................................................................... 13

*West v. Axtell*,
  17 S.W.2d 328 (Mo. 1929) ............................................................................................. 7

*Willis v. US Bank NA*,
  No. 4:12CV854 CDP, 2012 WL 3043023 (E.D. Mo. July 25, 2012)........................... 13

*Ziglin v. Players MH, L.P.*,
  36 S.W.3d 786 (Mo. App. E.D. 2001) ......................................................................... 13

**Rules**

Rule 8 ................................................................................................................................. 9, 14

Rule 9(b) .................................................................................................................................. 9

**INTRODUCTION**

This is the second time this case has reached federal court. Before the previous dismissal, Defendant Kozeny & McCubbin ("K&M") was not a party to this action. Now, Plaintiffs have taken an isolated interaction with K&M and seek to shoehorn K&M's statements into any form of liability they can fathom: breach of fiduciary duty, negligence, negligent misrepresentation, fraudulent misrepresentation, unjust enrichment, and even a violation of the Missouri Merchandising Practices Act ("MMPA"). Even so, Plaintiffs effectively concede that most of their counts fail to state a claim—they do not even mention most of these counts in their brief. Instead, they devote their entire brief to defending the viability of a single cause of action: breach of fiduciary duty.[1]

With regards to this alleged "breach," the disputed interaction consists of a single statement by K&M that it "worked for" Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and its unwillingness to investigate Plaintiffs' telephonic complaints about the foreclosure. Notwithstanding Plaintiffs' disappointment about K&M's refusal, Missouri foreclosure law establishes that no "duty" existed for K&M to breach. In reality, Plaintiffs' allegations have thrust duties upon K&M that extend far beyond the text of the deed of trust—the document which actually *creates* the trustee's legal duties. These allegations fail to state a cause of action and require Plaintiffs' motion to remand be denied.

---

[1] Wells Fargo also notes that Plaintiffs waited until both Wells Fargo and K&M had filed their motions to dismiss before filing this motion to remand, giving Plaintiffs an ample prelude to the defendants' arguments as to all Plaintiffs' counts. Having reviewed these motions, Plaintiffs have nevertheless only challenged this single count.

# DISCUSSION

## I. PLAINTIFFS' BREACH OF FIDUCIARY DUTY FAILS TO STATE A CLAIM

"Joinder is fraudulent, if on the face of the state court complaint, no cause of action lies against the resident defendant." *Borders v. Trinity Marine Products, Inc.*, No. 1:10CV146 HEA, 2010 WL 5139343, at *1 (E.D. Mo. Dec. 9, 2010). In other words, when there is "no reasonable basis in fact and law" for plaintiff's claims, the joinder is fraudulent, and a district court must deny the motion to remand. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). For the reasons explained below, Plaintiffs have failed to state a claim against K&M. Its joinder in this action is therefore fraudulent and their motion to remand this action to state court must be denied.

### A. K&M Had No Obligation to Follow up on Plaintiffs' Telephone Complaints Either Under the Terms of the Deed of Trust or by Operation of Law

The crux of Plaintiffs' allegations against K&M is that Plaintiffs telephoned K&M prior to the foreclosure to register their complaints about their relationship with Wells Fargo and that K&M refused to act upon those complaints. In refusing to act, K&M violated no duty under Missouri law. To begin, "[t]he duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust." *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc 1974). Plaintiffs have attached the deed of trust to their Petition. No duty to investigate the borrower's complaints appears in that document. Rather, the trustee's duties are defined by Paragraph 22 as: (1) mailing notice of sale; (2) advertising the sale; (3) selling the property at auction to the highest bidder for cash; (4) delivering the trustee's deed to the purchaser; and (5) properly applying the proceeds of the sale (Pet., Ex. A at 14). Because no duty to investigate Plaintiffs' oral complaints is enumerated within this list, Plaintiffs have failed to state a cause of action in that respect.

*See Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11-CV-0464-DGK, 2011 WL 5921364 (W.D. Mo. Nov. 28, 2011) (denying motion to remand when plaintiff alleged that trustee breached fiduciary duty by "fail[ing] to investigate the various transfers of the promissory note and deed of trust," under similar deed of trust).

Moreover, "when requested by the creditor to foreclose, the trustee may proceed without making any affirmative investigation unless the trustee has *actual knowledge* 'of anything which should *legally* prevent the foreclosure.'" *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo. App. W.D. 1998) (quoting *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc 1974)) (second emphasis in original); *see also Hallquist v. United Home Loans, Inc.*, No. 11-04265-CV-C-NKL, 2012 WL 1980656, at *4 n.1 (W.D. Mo. June 1, 2012) (same). As Plaintiffs freely admit, K&M had no "actual knowledge" of anything illegal—K&M was only aware of Plaintiffs "allegations" about their problems with Wells Fargo (Br. at 2, 10); *see also id.* at 10 (posing the question: "What would Kozeny have found if it actually checked to see default had occurred?"). These one-sided grievances are insufficient to trigger the breach of any duty. *See Killion*, 987 S.W.2d at 813 (trustee did not violate fiduciary duties by continuing with foreclosure despite notice of plaintiffs' challenge to provision within deed of trust). And this position makes sense. If Plaintiffs were correct, a single telephone call from a discontented homeowner would necessarily compel a trustee to make an investigation—regardless of whether the complaint was groundless—because the trustee would always run the risk of violating this obligation. In other words, a savvy borrower could indefinitely delay foreclosure simply by repeatedly (and merely) complaining to the trustee about any conceivable issue with the foreclosure. For this reason, Missouri differentiates between "actual knowledge" and mere notice of a

borrower's complaint. *Id.* Plaintiffs have not pleaded K&M's actual knowledge; the entire basis of their cause of action is that K&M did not inquire further after Plaintiffs called to complain. As the sole basis for an investigation, this is legally insufficient. For this reason, Plaintiffs have failed to state a claim for a breach of fiduciary duty against K&M.

**B. K&M's Alleged Statement That It "Worked for" Wells Fargo Has No Legal Implication**

In an attempt to color their allegations, Plaintiffs repeatedly turn the Court's attention to K&M's alleged statement that it "worked for" Wells Fargo. As a starting point, this is a necessarily true statement. "[A] trustee, exercising a power of sale under a deed of trust, is the agent of both mortgagee and mortgagor . . . ." *Boatmen's Bank of Jefferson County v. Comm'y Interiors, Inc.*, 721 S.W.2d 72, 76 (Mo. App. E.D. 1986). In other words, this allegation is toothless; it merely restates a basic principle of Missouri foreclosure law: A trustee always "works for" the note holder, just as it "works for" the borrower.

Nevertheless, Plaintiffs have gone beyond the pleadings to allege an ongoing relationship between Wells Fargo and K&M. These allegations are not within Plaintiffs' Petition and do not merit consideration.[2] Even so, more than a century of Missouri law clearly establishes that the trustee under a deed of trust may be an employee of the creditor. *See Judah v. Pitts*, 62 S.W.2d 715, 720 (Mo. 1933); *Schwarz v. Kellogg*, 243 S.W. 179, 183 (Mo. 1922); *Grand Teton Mountain Investments, LLC v. Beach Properties, LLC*, --- S.W.3d ---, 2012 WL 4056854, at *4 (Mo. App. S.D. Sept. 17, 2012)

---

[2] In general, Plaintiffs' brief largely consists of an indictment of mortgage industry practices. Because these allegations are neither tailored to this action nor even raised in Plaintiffs' Petition, Wells Fargo will focus only on the assertions relevant to this action.

("Grand Teton cites BDCS's close relationship with Beach's counsel, but this did not bar BDCS from acting as trustee."); *Boatmen's Bank of Pulaski County v. Wilson*, 833 S.W.2d 879, 883 (Mo. App. S.D. 1992) ("The fact a trustee is an employee of the mortgagee creates no infirmity in exercising a power of sale."); *Cloud v. Kansas Loan & Trust Co.*, 52 Mo. App. 318, 322 (1893) (permitting holder of note to appoint his own attorney as trustee). In short, this relationship creates no legal obstacle to the foreclosure.

In reality, Plaintiffs' allegations boil down to their displeasure that they did not receive preferential treatment over Wells Fargo. In essence, the Plaintiffs contest K&M's refusal to violate its obligation to act impartially toward Wells Fargo. *Judah*, 62 S.W.3d at 720. Plaintiffs' allegations only depict a borrower trying to press a trustee to step outside its sharply circumscribed role to the prejudice of its other principal, and a trustee who refused to budge. Again, Plaintiffs fail to state a claim.

**C.   No Duty of Loyalty Exists Under Missouri Law Between a Trustee and Borrower**

At various points, Plaintiffs have attempted to thrust a "duty of loyalty" upon K&M (*see, e.g.*, Br. at 2, 8). This assertion has no basis in Missouri law. Wells Fargo has failed to find even a single dictum referencing a duty of loyalty for trustees under a deed of trust. Wells Fargo expects that Plaintiffs experienced the same problem. For this reason, Plaintiffs were forced to cite two cases completely unrelated to foreclosure law. The first case, *Ramsey v. Boatmen's First Nat'l Bank of Kansas City, N.A.*, 914 S.W.2d 384 (Mo. App. W.D. 1996), involved a private individual's investment trust. The second, *Nixon v. Lichtenstein*, 959 S.W.2d 854 (Mo. App. E.D. 1997), involved a charitable trust succeeded by a charitable corporation. Because these decisions are, on their face, wholly

irrelevant to this action, it is unnecessary to belabor the point with further discussion of them.

Borrowing from general law, a duty of loyalty is a prohibition on acting contrary to another's interests. *See Scanwell Freight Express STL, Inc. v. Chan*, 162 S.W.3d 477, 479 (Mo. banc 2005). To begin, this concept runs afoul of the basic premise that the trustee's entire purpose in a foreclosure consists of its role in taking the various steps that lead to the borrower's loss of property. This activity hardly serves the borrower's interests, and, in itself, explains why no court has ever tried to impose a "duty of loyalty" upon a trustee.

Moreover, Missouri law clearly establishes that a trustee *can* take action inconsistent with the interests of a mortgagor. Even an employer-employee relationship (as Plaintiffs have alleged here) "does not restrict an individual named as trustee from participating in or making decisions concerning matters *other than the conduct of the sale*" that jeopardize a borrower's interests. *Boatmen's Bank of Pulaski County v. Wilson*, 833 S.W.2d 879, 883 (Mo. App. S.D. 1992). In *Boatmen's Bank*, the trustee, an officer of the creditor bank, ordered independent appraisals of the property prior to the foreclosure, as well as an environmental assessment of the property. *Id.* Ultimately, he participated in a decision within the bank not to bid on the property because of the potential environmental hazard. *Id.* The plaintiffs alleged that this limited his ability to gain the best possible price for the property, and the court swiftly rejected this assertion, finding no breach of the trust. *Id.* at 882-83.

In fact, Plaintiffs' own brief implicitly explains another reason why a duty of loyalty does not exist. Plaintiffs cite basic principles governing trustees under the deed of

trust, stating that "[t]rustee duties are owed to both the creditor and the debtor, and the trustee must act with integrity and the *strictest impartiality* when carrying out these duties" (Br. at 7 (quoting *West v. Axtell*, 17 S.W.2d 328, 334 (Mo. 1929)) (emphasis in original)). It is impossible to reconcile a unilateral duty of loyalty toward a debtor with the trustee's bilateral obligation of impartiality toward both parties.

### D. Plaintiffs' Attached Cases Are Inapposite

Plaintiffs do not offer a single controlling authority to support their position. Instead, they direct the Court to three state trial court cases. Two of these cases are cursory orders with no legal reasoning, both decided by the same trial judge. The third is not even a decision, but a case where a motion to dismiss is currently *pending*.

Besides the lack of precedential value, these cited cases involved substantially more colorable allegations that Plaintiffs' Petition.[3] For instance, in *Rippy v. JP Morgan Chase Bank, N.A.*, Cause No. 1111-CV06677 (St. Charles County Mar. 29, 2012), the plaintiffs alleged that the trustee knew that the note was not recorded, that no proof that the note was transferred to the party initiating foreclosure was provided, and—most importantly—that the trustee "repeatedly suggested that it simply does what Chase tells it to do *despite having actual knowledge* that such foreclosure proceeding is in error." Doc. 23-1 at 21. In this respect, the absence of legal reasoning in these proffered trial court orders is telling—if the courts had discussed the allegations, the true basis for denying the motions to dismiss would reveal that they were grounded in different material facts.

Finally, Plaintiffs cite the third case—a class action with a pending motion to dismiss—to "demonstrate[], at a minimum, that trustees are being sued for their

---

[3] Wells Fargo also notes that these cases involved limited causes of action (negligence, breach of fiduciary duty, and unjust enrichment), not the panoply of counts asserted by Plaintiffs in this action.

individual acts . . . ." Doc. 23 at 13. This observation, of course, carries no legal weight in itself. To the contrary, Plaintiffs' reliance on these sources only establishes the great lengths needed to find even a marginal "authority" for Plaintiffs' arguments. In short, Plaintiffs have failed to direct the Court to a single authority that substantiates the viability of their allegations.

## II.     PLAINTIFFS' OTHER COUNTS LIKEWISE FAIL TO STATE A CLAIM

Although Plaintiffs have not defended their remaining counts, Wells Fargo now turns to those claims to establish their legal insufficiency. For the most part, each of these counts is simply a repackaging of the (already insufficient) allegations contained in Plaintiffs' claim for breach of fiduciary duty.

### A.     Fraudulent Misrepresentation

Plaintiffs' fraudulent misrepresentation count revolves around two statements: (1) that K&M "falsely represented that it 'worked for' Wells Fargo; and (2) that it "further represented that it had no information about Plaintiffs' situation and that it could not help them stop the foreclosure process or keep their home" (Pet. ¶ 63).

Plaintiffs' first assertion is in conflict with Missouri law and with Plaintiffs' own brief. As a matter of law, a trustee under a deed of trust is an agent of the lender (or holder of the note). *Judah v. Pitts*, 62 S.W.2d 715, 720 (Mo. 1933). Moreover, even if Plaintiffs wish to dispute this facet of Missouri law, they devote a significant portion of their brief to describing K&M's working relationship with Wells Fargo. In other words, they actually *believe* that K&M "worked for" Wells Fargo. They cannot have it both ways; there is nothing "false" about these alleged representations.

Next, Plaintiffs dispute K&M's professed inability to stop the foreclosure process. Again, there is nothing "false" about this assertion. This statement is an acknowledgment

SL01DOCS\3981904.2                          8
Case 6:12-cv-03457-RED   Document 27   Filed 12/13/12   Page 12 of 20

of K&M's inability to interfere as the trustee. As explained in the previous section, Plaintiffs have failed to allege that K&M possessed "actual knowledge" of any facts that would legally prevent the foreclosure. *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo. App. W.D. 1998). K&M had no obligation to act, but Plaintiffs aim to thrust new duties onto K&M. The fundamental problem is that these new duties necessarily violate old ones—namely the requirement that the trustee act with impartiality in the process of foreclosure. *See Judah*, 62 S.W.2d at 720. While Plaintiffs may have complained to K&M about their loan history, they simultaneously acknowledge that K&M never had actual notice of anything that would legally prevent the foreclosure (Br. at 2, 10). As a result, K&M had no right to step in to defend Plaintiffs to the prejudice of Wells Fargo.

Finally, Plaintiffs have not alleged how they relied on K&M's statements. They allege, in total: "Plaintiffs did in fact rely on Defendants' false and misleading representations." They do not provide any facts that would demonstrate reasonable reliance, and instead offer a bare legal conclusion. This type of allegation not only fails the heightened pleading standards under Rule 9(b) for fraud, but also the basic pleading standards of Rule 8. Moreover, as a practical matter, Plaintiffs cannot avert fraudulent joinder through a simple recitation of the elements of a cause of action. Otherwise, fraudulent joinder would lose any meaning, as no cognizable pleading burden would exist beyond a bare ability to list the elements in any cause of action. In any event, Plaintiffs' claim for fraudulent misrepresentation fails to state a claim.

B. **Negligent Misrepresentation**

Plaintiffs' negligent misrepresentation count is largely a restatement of their fraudulent misrepresentation count. They allege that K&M informed them that (1) it

"worked for" Wells Fargo; (2) that it had no information about Plaintiffs' loan, and (3) that it could not aid or assist Plaintiffs in any way (Pet. ¶ 102).[4] For the reasons described previously, these allegations are specious.

Furthermore, Plaintiffs have again failed to plead any causal reliance with respect to any alleged actions by K&M. Specifically, Plaintiffs allege that they "justifiably relied on Defendants' false representations in applying for loan modifications, making payments, and in deciding what actions to pursue (or not pursue) in relation to the foreclosure process" (Pet. ¶ 105). Plaintiffs allege that their interactions with K&M occurred between April and June of 2010 (Pet. ¶ 41). They did not make any payments during that time, so that allegation is erroneous. Next, there is simply no connection between Plaintiffs' repeated requests for loan modifications (which had been going on for several years) and these statements. This is a completely hypothetical assertion that has no causal connection to K&M's alleged statements. They do not allege that they would have stopped seeking loan modifications if K&M conducted an (improper) investigation in accordance with their wishes. Thus, this is not an assertion that "might" be *true*—in terms of the veracity of Plaintiffs allegations—but rather an assertion that exits the realm of actual facts to consider what Plaintiffs suppose they "might" have done differently if things "might" have gone differently. Finally, Plaintiffs' final assertion is likewise baseless. "[D]eciding what actions to pursue (or not pursue) in relation to the foreclosure process" is simply a recognition that Plaintiffs made choices (as they continue to make every day), which is a statement with no real meaning. In short, this statement is a tautological trap. Thus, the negligent misrepresentation claim fails.

---

[4] Plaintiffs also allege in this count that K&M "failed to provide any information or assistance to Plaintiffs" (Pet. ¶ 102). This is, on its face, not a "representation."

## C. Negligence

Next, Plaintiffs have alleged that "Kozeny, acting as trustee, [] assumed a duty and responsibility for overseeing the servicing of Plaintiffs' loan" (Pet. ¶ 93). This allegation is misguided and perplexing. This assertion misunderstands K&M's role in the foreclosure process. K&M was not the servicer of Plaintiffs' loan—it was the trustee, with a narrowly defined legal role under Missouri law that has nothing to do with collecting loan payments or anything remotely similar to the role of a servicer. Predictably, no Missouri law discusses anything about a trustee undertaking any duties with respect to the servicing of a borrower's loan. By Plaintiffs' own allegations, K&M materialized shortly before the foreclosure sale to carry out its actual duties under the deed of trust. This unexplainable allegation about "servicing" comes out of left field with no basis in law or fact. To their credit, Plaintiffs have not repeated the substance of this allegation elsewhere in their Petition.

Second, as described previously, the deed of trust enumerates the duties of the trustee. *See Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc 1974). Plaintiffs have nevertheless sought to impose a non-contractual duty upon a contractual relationship. As a matter of comparison, courts have concluded that, "[u]nder Missouri law . . . the relationship between a lender and a borrower is one of contractual obligation, not of duty." *Pace v. Wells Fargo Bank, N.A.*, No. 4:11-CV-489 CAS, 2012 WL 3705088, at *15 (E.D. Mo. Aug. 27, 2012). While K&M is admittedly not a lender, it is nevertheless a party to the identical instrument: the deed of trust. Its obligations derive from that instrument, not independent duties. Plaintiffs cannot superimpose an endless spectrum of duties upon the trustee for what is, in reality, a highly limited role arising from a single instrument.

**D.     Violation of the Missouri Merchandising Practices Act**

Under this count, Plaintiffs again allege that K&M "provid[ed] false and misleading information regarding its relationship with Wells Fargo, suggest[ed] it had no access to information about Plaintiffs' loan, [] categorically refus[ed] to aid or assist Plaintiffs in any way, and [] fail[ed] to carry out its duties as Trustee" (Pet. ¶ 79). For the most part, this count suffers from the same fundamental misunderstandings about the role of trustees as the previous counts, and is just another way of recasting identical allegations through yet another vehicle—the Missouri Merchandising Practices Act ("MMPA"). This count can likewise be discarded.

The MMPA prohibits "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact *in connection with the sale or advertisement* of any merchandise in trade or commerce . . . ." RSMo. 407.020.1 (emphasis added); *see also DePeralta v. Dlorah, Inc.*, No. 11-1102-CV-SJ-ODS, 2012 WL 4092191, at *8 (W.D. Mo. Sept. 17, 2012) ("The MMPA qualifies the prohibition on unfair practices by requiring proof that the unfair practice occurred 'in connection with' the sale or advertisement of merchandise."). Each one of Plaintiffs' allegations has no connection to the sale or advertisement of merchandise to Plaintiffs. Plaintiffs place bookends on K&M's activities in April and June 2010 (Pet. ¶ 41). Meanwhile, Plaintiffs' purchase of the property occurred in February 2006 (Pet. ¶ 11). At that time, K&M was not even the trustee appointed under the Deed of Trust, and was not a party to that transaction. *See* Pet. ¶ 41 (describing K&M as the "purported *successor* trustee") (emphasis added). Four years later, K&M was executing duties it had assumed sometime after that initial sale, following its appointment as successor trustee.

Missouri law prohibits this type of claim. In *State ex rel. Koster v. Prof'l Debt Mgmt., LLC*, 351 S.W.3d 668, 674 (Mo. App. E.D. 2011), the court stated that it was

> not persuaded that actions occurring after the initial sales transaction, which do not relate to any claims or representations made before or at the time of the initial sales transaction, and which are taken by a person who is not a party to the initial sales transaction, are made "in connection with" the sale or advertisement of merchandise as required by the [MMPA].

Taking this cue, federal courts have applied this holding in the context of real estate transactions, dismissing similar downstream attacks. *See Willis v. US Bank NA*, No. 4:12CV854 CDP, 2012 WL 3043023, at *3 (E.D. Mo. July 25, 2012) (dismissing MMPA claim where complaint failed to allege any potential violation "in connection with the initial purchase of [the] property" and where "[i]n fact, the Complaint specifically note[d] that [the defendant] was not a party to the initial purchase"); *Hess v. Wells Fargo Home Mortg.*, No. 4:12CV22 TIA, 2012 WL 872752, at *4 (E.D. Mo. Mar. 14, 2012) (dismissing MMPA claim where defendant's alleged actions "occurred after the sale of the home and [did] not demonstrate a relationship between the alleged unfair practice or deception and the initial sale of the property").

With no purchase to connect to K&M's alleged "unfair practices," no cause of action exists for Plaintiffs. "'A private cause of action is given only to one who purchases and suffers damage. One . . . who never . . . pays anything of value cannot be said to have suffered damage [under the MMPA] by reason of any unlawful practice.'" *Amburgy v. Express Scripts, Inc.*, 471 F. Supp. 2d 1046, 1057 (E.D. Mo. 2009) (quoting Ziglin v. Players MH, L.P., 36 S.W.3d 786, 790 (Mo. App. E.D. 2001)) (alterations in original). Plaintiffs have not alleged any purchase "in connection with" these allegations. As a result, Plaintiffs' MMPA claim must fail.

## E. Civil Conspiracy

With respect to Plaintiffs' civil conspiracy claim, Plaintiffs have failed to make a single factual allegation supporting this count that would evoke an actual "conspiracy." This deficiency is most glaring with respect to the failure to allege a "meeting of the minds." A conspiracy claim is subject to heightened pleading standards, requiring specific allegations of collusion. *Moses.com Secs. v. Comprehensive Software*, 406 F.3d 1052, 1063 (8th Cir. 2005). But in their entirety, Plaintiffs' allegations of collusion consist of this single statement: "Defendants agreed to pursue this unlawful purpose after a meeting of the minds, based on communications between the two Defendants" (Pet. ¶ 85). There is no factual support for this allegation, which fails both the heightened pleading standard for conspiracy and Rule 8. The first clause is a bare legal conclusion that recites the elements of this claim. More importantly, however, the second clause is completely meaningless. A "communication" is a necessary prerequisite to a meeting of the minds. This concept of a conspiracy (which is necessarily grounded in mutual agreement) inherently requires the defendants to "communicate" in one form or another. Plaintiffs have only reframed this element with a new vocabulary to mask the lack of actual supporting facts, which do not appear in their Petition.

## F. Wrongful Foreclosure

Plaintiffs' wrongful foreclosure count never mentions K&M in its individual capacity (Pet. ¶¶ 49-60). Rather, Wells Fargo is the focus of this count. This is natural, because "[t]he trustee is [] not an indispensable party in a lawsuit affecting title to a mortgaged property." *Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11-CV-0464-DGK, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011) (denying motion to remand) (citing *Casper v. Lee*, 245 S.W.3d 132, 138-39 (Mo. banc 1952) (wrongful foreclosure

action)). As described previously, K&M never breached any fiduciary duty and Plaintiffs have failed to allege any activity that would render this foreclosure "wrongful." As a result, K&M is not an indispensable party to this cause of action.

## G. Unjust Enrichment

This final count exists as a corollary and afterthought to the previous counts. Namely, Plaintiffs allege that K&M retained its trustee's fees "despite the unlawful conduct, as described in this Petition" (Pet. ¶ 122). But, as described above, Plaintiffs have failed to allege any "unlawful conduct" sufficient to state a claim in any of the previous counts. Thus, Plaintiffs' unjust enrichment count likewise fails.

## CONCLUSION

For the reasons stated above, Defendant Wells Fargo Bank, N.A. respectfully requests that the Court deny Plaintiffs Kenneth and Tina Wivell's Motion to Remand.

Dated: December 13, 2012                             Respectfully submitted,

**BRYAN CAVE LLP**

By:  /s/ Jonathan B. Potts
    Eric D. Martin     MO #47558
    Jonathan B. Potts   MO #64091
    211 North Broadway, Suite 3600
    St. Louis, Missouri  63102
    (314) 259-2000 (telephone)
    (314) 259-2020 (facsimile)

    Jennifer A. Donnelli MO #47755
    1200 Main Street, Suite 3500
    Kansas City, MO 64105
    (816) 374-3200 (telephone)
    (816) 374-3300 (facsimile)

    *Attorneys for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

This certifies that on this 13th day of December, 2012, the foregoing was served via the Court's Electronic Case Filing System, which will send notice to all counsel of record.

> Erich V. Vieth
> John E. Campbell
> The Simon Law Firm
> 800 Market Street, Suite 1700
> St. Louis, MO 63101
>
> Gregory W. Aleshire
> Aleshire Robb, P.C.
> 2847 S. Ingram Mill Road, Suite A-102
> Springfield, MO 65804
>
> *Attorneys for Plaintiffs*
>
> Eric B. Wetzel
> Patrick Murphy
> Kozeny & McCubbin, L.C.
> Fairway Corporate Center
> 4220 Shawnee Mission Parkway, Suite 200B
> Fairway, KS 66205
>
> *Attorneys for Defendant Kozeny & McCubbin, L.C.*

  /s/ Jonathan B. Potts
  *Attorney for Defendant*
