IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH D. WIVELL and ) | |
| TINA M. WIVELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 12-3457-CV-S-DGK |
| ) | |
| WELLS FARGO BANK, N.A. ) | |
| d/b/a WELLS FARGO HOME ) | |
| MORTGAGE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION TO REMAND**

This cases arises out of the foreclosure of Plaintiffs Kenneth and Tina Wivell's home. Plaintiffs allege that when they contacted Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to discuss a loan modification, Wells Fargo informed them that they must stop making loan payments to be eligible for a modification but assured them that it would not foreclose upon them as a result. Plaintiffs contend they stopped making payments, applied for a modification, and diligently followed all of Wells Fargo's other instructions. Wells Fargo informed Plaintiffs in June of 2010 that they were not eligible for a loan modification. A few days later, the trustee on the deed of trust, Defendant Kozeny & McCubbin, L.C. ("Kozeny"), foreclosed. Plaintiffs are now suing Wells Fargo and Kozeny for unlawful foreclosure and other claims.

Now before the Court is Plaintiffs' Motion to Remand (Doc. 22).[1] The motion is DENIED because Plaintiffs fraudulently joined Kozeny, the sole non-diverse defendant, to defeat

---

[1] The Court has considered Plaintiffs' suggestions in support (Doc. 23); Wells Fargo's suggestions in opposition (Doc. 27); Plaintiffs' reply suggestions (Doc. 29); Wells Fargo's sur-reply (Doc. 32); and Plaintiffs' response to the sur-reply (Doc. 33). Defendant Kozeny did not file any briefs in connection with this motion but has filed a separate motion to dismiss (Doc. 10).

removal.

## Standard of Review

An action may be removed by the defendant to federal district court if the case falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). If the case is not within the court's original jurisdiction, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). To meet the requirements for diversity jurisdiction, the parties must be citizens of different states and the amount in dispute must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff who is from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The burden of establishing federal jurisdiction is on the party seeking removal, *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

## Procedural Background

On August 9, 2012 Plaintiffs, who are Missouri residents, filed this case in the Circuit Court of Pulaski County, Missouri against both Defendants, one of which, Kozeny, is a Missouri resident. Plaintiffs' petition ("the Petition") asserts claims against both Defendants for wrongful foreclosure, fraudulent misrepresentation, violation of the Missouri Merchandising Practices Act, civil conspiracy, negligence, and negligent misrepresentation. The Petition asserts two additional claims, for breach of fiduciary duty and unjust enrichment, solely against Kozeny.

On October 17, 2012, Wells Fargo removed this case to federal court by invoking the

Court's diversity jurisdiction. The notice of removal asserts diversity jurisdiction exists because Kozeny was fraudulently joined, thus the Court should disregard Kozeny's citizenship, which is the same as Plaintiffs.[2] The parties do not dispute that Kozeny is the only non-diverse defendant, and, if Kozeny's citizenship is disregarded, diversity jurisdiction exists.

## Discussion

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a nondiverse defendant solely to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). The fraudulent joinder exception prevents the plaintiff from blocking removal by adding nondiverse defendants. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). Joinder is fraudulent when there is no reasonable basis in fact or law for the plaintiff's claims against that defendant. *In re Prempro*, 591 F.3d at 620. For purposes of determining diversity, the court ignores the citizenship of any fraudulently joined defendant. *See id.*

### I. Kozeny's citizenship should be ignored with respect to Plaintiffs' wrongful foreclosure claims.

Count I of the Petition asserts a wrongful foreclosure claim against both Defendants and seeks both damages and equitable relief. Pet. at ¶¶ 59-60. Although labeled as one count, read in the light most favorable to the Plaintiffs, Count I asserts two separate causes of action: A tort for

---

[2] The notice of removal states Kozeny consents to removal, but it is not signed by Kozeny's attorney. In their reply brief, Plaintiffs argue for the first time that the absence of an attorney's signature is fatal to the notice and mandates remand. As a threshold matter, the Court will not consider Plaintiff's argument because it was raised for the first time in their reply brief. *Elam v. Denney*, No. 4:09-CV-00308-DGK, 2010 WL 3526279, at *8 n.3 (W.D. Mo. Sept. 3, 2010). Even if the Court considered this argument, it would hold it meritless because a fraudulently joined party need not consent to removal. *Simpson v. Niagara Mach. and Tool Works*, 05-1122-CV-W-FJG, 2006 WL 181954, at *3 n.1 (W.D. Mo. Jan. 24, 2006). Therefore, for purposes of deciding this motion to remand, the Court need only determine whether Kozeny is fraudulently joined. *Id.*

3

wrongful foreclosure and a separate, equitable action for wrongful foreclosure. Missouri law recognizes these related claims as distinct causes of action. *See Dobson v. Mortg. Elec. Registration Sys, Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008) (discussing differences between the two actions). A plaintiff asserting a wrongful foreclosure claim for damages must "plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Spence v. JPMorgan Chase Bank, N.A.*, No. 11-3185-DV-S-RED, 2011 WL 4733445, at *1 (W.D. Mo. October 5, 2011) (quoting *Fields v. Milsap and Singer, P.C.*, 295 S.W.3d 567, 571 (Mo. Ct. App. 2009)). A plaintiff asserting an equitable claim does not have to prove that he was not in default, only that the sale was void or voidable.[3] *Dobson*, 259 S.W.3d at 22.

Plaintiffs cannot maintain a tort claim against Kozeny because, as the Petition concedes, around March 2009 Plaintiffs stopped making payments on their loan. Pet. at ¶¶ 15-17. Thus, Plaintiffs were in default on the loan which gave Wells Fargo a right to foreclose. Plaintiffs attempt to salvage their claim by asserting they "were not truly in default" because Defendants "lulled and misled them." Pet. at ¶¶ 51-52. This attempt is futile. Plaintiffs cite no authority, nor can the Court find any, recognizing an exception to the "no default" rule for a party who has allegedly been "lulled" or "mislead" into default by a lender.[4] Consequently, there is no

---

[3] Typically, a sale is void if the sale did not comply with the procedures outlined in the deed of trust. For example, if a homeowner is not given appropriate notice of a foreclosure sale, the sale may be void.

[4] The Court also declines to create such an exception. Such an exception would quickly swallow the rule since any unscrupulous debtor could claim that the lender did or said something that "lulled" the debtor into default. This exception is also unnecessary, since a debtor who has been misled by a lender already has a remedy available, namely an action for fraud. *Peterson v. Kansas City Life Ins. Co.*, 98 S.W.2d 770, 773-74 (Mo. 1936). Finally, creating an exception which facilitates debtors' ability to litigate a non-judicial foreclosure involves policy choices that are the province of the legislative branch of government.

4

reasonable basis in fact or law supporting this claim against Kozeny, so the Court ignores Kozeny's citizenship for purposes of determining diversity with respect to this claim.

The Court reaches the same conclusion with respect to Plaintiff's equitable claim for wrongful foreclosure. As a threshold matter, the Court notes Plaintiffs have failed to plead any facts from which the Court could infer the foreclosure sale was void or voidable, thus they have not established a colorable claim. But, even if they had pled such facts, the Court could not consider Kozeny's citizenship with respect to this claim. Under Missouri law, as a trustee of a deed of trust, Kozeny is a nominal party in an equitable foreclosure claim, thus the court ignores its citizenship in determining whether diversity jurisdiction exists. *Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11-CV-0464-DGK, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011). Nominal parties are those who lack a real interest in the result of the suit or an ownership interest in the property at issue, such as a party that is merely the holder of the stakes between the plaintiff and defendant. *Id*. Missouri law provides that in an action affecting a deed of trust, the trustee of the deed of trust is a nominal party because it is a mere stake holder in the dispute between the real parties in interest, the creditor and the debtor. *Id*. In determining whether diversity exists, a federal court disregards the nominal parties and rests jurisdiction upon the citizenship of the real parties in interest. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). In the present case, as trustee on the deed of trust, Kozeny is a nominal party so the Court ignores its citizenship in analyzing diversity.

**II.     Plaintiffs have no colorable fraudulent misrepresentation claim against Kozeny.**

Count II asserts a fraudulent misrepresentation claim against both defendants. The

elements of fraudulent misrepresentation are:

> (1) a false, material representation; (2) the speaker's knowledge of its falsity or his ignorance of the truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the representation; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury.

*Crossland Constr. Co., Inc. v. Alpine Elec. Constr. Inc.*, 232 S.W.3d 590, 592-93 (Mo. Ct. App. 2007). With respect to the first element, the Petition alleges that Kozeny made false, material representations to Plaintiffs that it "worked for" Wells Fargo, that it had no information about Plaintiffs' situation, and that it could not help them stop the foreclosure process or keep their home. Pet. at ¶ 63. With respect to the fifth element, however, the Petition alleges only that "Plaintiffs did in fact rely on Defendants' false and misleading representations." Pet. at ¶ 51.

Wells Fargo argues, and Plaintiffs do not dispute, that this allegation fails to meet the basic pleading standard of Rule 8 and the heightened pleading standard for fraud required by Rule 9(b) because it does not explain how Plaintiffs relied on Kozeny's statements. As a threshold matter, Plaintiffs have conceded this point by failing to respond to it. *Hale v. Vilsack*, No. 11-CV-0591-W-FJG, 2012 WL 6645654, at *4 n.1 (W.D. Mo. Dec. 20, 2012). But even if Plaintiffs had disputed this point, the allegation would still be insufficient.

Rule 8 requires a petition include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Eighth Circuit has observed, Rule 8 "requires more than labels and

6

Case 6:12-cv-03457-DGK   Document 39   Filed 05/14/13   Page 6 of 15

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In the present case, the assertion that "Plaintiffs did in fact rely on Defendants' false and misleading representations" is too conclusory to pass scrutiny under either Rule 8 or Rule 9(b). The assertion does not even mention Kozeny, much less explain how Plaintiffs relied on Kozeny's statement(s).

Accordingly, the Court finds Plaintiffs fraudulently joined Kozeny to Count II.

### III. Plaintiffs have no colorable MMPA claim against Kozeny.

Count III alleges both Defendants violated the Missouri Merchandising Practices Act ("MMPA"). In relevant part, the MMPA prohibits

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact *in connection with the sale or advertisement* of any merchandise in trade or commerce . . . whether committed *before, during or after* the sale, advertisement or solicitation.

Mo. Rev. Stat. 407.020.1 (emphasis added). The Petition alleges that Kozeny violated the MMPA "with regard to *the sale* of Plaintiffs' home." Pet. at ¶ 77 (emphasis added). It claims

> Kozeny employed unfair, deceptive and misleading practices by providing false and misleading information regarding its relationship with Wells Fargo, suggesting it had no access to information about Plaintiffs' loan, by categorically refusing to aid or assist Plaintiffs in any way, and by failing to carry out its duties as Trustee.

Pet. at ¶ 79.

Wells Fargo argues Kozeny cannot be liable under the MMPA because it was not a party to the initial transaction here, which was Plaintiffs' 2006 purchase of their home. But Wells Fargo

7

misreads the Petition. Read in the light most favorable to Plaintiffs, the Petition does not allege that Kozeny violated the MMPA with respect to the *purchase* of Plaintiffs' home in 2006; rather, it alleges Kozeny violated the MMPA in connection with the foreclosure *sale* of Plaintiffs' home in 2010. Plaintiffs are arguably alleging two separate transactions and with separate MMPA violations. Plaintiffs clearly do not have a claim against Kozeny in connection with the 2006 transaction.[5] However, even assuming for the sake of argument that the 2010 foreclosure is a separate transaction under the MMPA,[6] Plaintiffs do not have a colorable MMPA claim in connection with the foreclosure.

To establish a prima facie MMPA claim, a plaintiff must allege that he (1) purchased or leased merchandise; (2) primarily for personal, family or household purposes; and (3) thereby suffered an ascertainable loss of money or property, real or personal; (4) as a result of the defendant's use of one of the methods or practices declared unlawful by Section 407.020. Mo.

---

[5] It is firmly established that an MMPA claim cannot be brought against an entity that was not a party to the initial loan transaction but subsequently forecloses on the loan. *See, e.g.*, *Ball v. Bank of New York*, No. 4:12-CV-0144-NKL, 2012 WL 6645695, at *5-6 (W.D. Mo. Dec. 20, 2012) (holding defendants who were strangers to the initial loan transaction, but subsequently foreclosed on the property, cannot be liable under the MMPA because their actions were not sufficiently connected with any sale or advertisement); *State ex. rel. Koster v. Portfolio Recovery Assocs., LLC*, 351 S.W.3d 661 (Mo. Ct. App. 2011) (holding a debt collector who was not a party to the original loan transaction could not be sued under the MMPA). As the Missouri Court of Appeals has noted, the MMPA's "before, during or after the sale" language applies to deceptive or unfair post-sale conduct only when such conduct directly relates to the initial sale or advertisement of merchandise. *Koster*, 351 S.W.3d at 667.
    In the present case, the Petition alleges Plaintiffs closed on their loan in February of 2006, but Kozeny was not appointed a trustee until November 4, 2009 and did not have any contact with Plaintiffs until April of 2010. Pet. at ¶¶ 11, 41, 109. Because Kozeny was not a party to the 2006 transaction, it cannot be liable under the MMPA for any misstatements related to the 2006 transaction.

[6] Several courts, including this one, have rejected similar attempts by plaintiffs to create an MMPA claim by arguing that the relevant transaction is not the initial loan but a subsequent event, such as an effort by a loan servicer to collect payments on a loan, or an attempt by a subsequent holder of the promissory note to foreclose. *See, e.g.*, *Barnes v. Fed. Home Loan Mortg. Corp.*, No. 5:12-CV-06062-DGK, 2013 WL 1314200, at *7 (W.D. Mo. March 28, 2013); *Ball*, 2012 WL 6645695, at *6. These courts reason that subsequent actions "cannot reasonably be viewed as separate transactions under the [MMPA] because they are conditions bargained for in the Plaintiffs' original creation of the mortgage note—a transaction to which these Defendants were strangers." *Ball*, 2012 WL 6645695, at *6. Similarly, in the present case, the foreclosure proceeding is not a separate event; it is a foreseeable consequence of Plaintiffs' default that was bargained for in 2006.

8

Rev. Stat. § 407.025.1; *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008). Plaintiffs cannot satisfy the first element in connection with the 2010 foreclosure because they did not purchase or lease anything. Being foreclosed upon is not purchasing or leasing merchandise; it is not even analogous to purchasing or leasing merchandise. Foreclosure is a legal proceeding for the termination of a mortgagor's interest in property. Black's Law Dictionary 674 (8th ed. 1999). Consequently, Plaintiffs have no colorable MMPA claim against Kozeny.

**IV.     There is no colorable conspiracy claim against Kozeny.**

Count IV asserts a state law civil conspiracy claim against both defendants. To allege a civil conspiracy claim under Missouri law, the plaintiff must plead facts from which the Court can reasonably infer that: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) which injured the plaintiff. *Moses.com Sec. Inc. v. Comprehensive Software Sys, Inc.*, 406 F.3d 1052, 1063 (8th Cir. 2005) (citing *Phelps v. Bross*, 73 S.W.3d 651, 657 (Mo. Ct. App. 2002)). With respect to the "meeting of the minds" element, Plaintiffs allege only that Kozeny and Wells Fargo "agreed to pursue this unlawful purpose after a meeting of the minds, based on communications between the two Defendants." Pet. at ¶ 85. This assertion is patently conclusory and insufficient to state a colorable civil conspiracy claim against Kozeny. *Moses.com Sec. Inc.*, 406 F.3d at 1063-64 (8th Cir. 2005).

**V.      There is no colorable negligence claim against Kozeny.**

Count V, Plaintiffs' state law negligence claim brought against both Defendants, also fails as a matter of law. The elements of a negligence claim are: "(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty,

9

(3) proximate cause, and (4) actual damages." *Ivey v. Nicholson-McBride*, 336 S.W.3d 155, 157 (Mo. Ct. App. 2011). With respect to the duty elements, Plaintiffs allege "Kozeny, acting as trustee, had assumed a duty and responsibility for overseeing the servicing of Plaintiffs' loan," and "Kozeny breached its duty of care by providing false and misleading information regarding its relationship with Wells Fargo, [when it] suggest[ed] it had no access to information about Plaintiffs' loan, and by categorically refusing to aid or assist Plaintiffs in any way." Pet. at ¶¶ 93, 97.

"The duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust." *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc 1974); *see also Caranchini*, 2011 WL 5921364, at *4 (noting the deed of trust defines a trustee's duties). Accordingly, any duty Kozeny owed to Plaintiffs must be set forth in the deed of trust. Paragraph 22 of the deed of trust defines these duties as: (1) mailing notice of sale to the borrower; (2) advertising the sale; (3) selling the property at auction to the highest bidder for cash; (4) delivering the trustee's deed to the purchaser; and (5) properly applying the proceeds of the sale. Pet. Exh. A at 13. The deed of trust contains no language imposing a duty on Kozeny to oversee the servicing of Plaintiffs' loan or access information concerning Plaintiffs' loan. Pet. Exh. A at 13. Since the Petition fails to identify any duty Kozeny could have breached, it fails to state a claim for negligence against Kozeny. *Spires*, 513 S.W.2d at 378, 380 (holding that plaintiffs failed to state a claim against the trustee on the theory that "the trustee owed plaintiffs a duty, when directed to foreclose, to make an affirmative investigation, presumably by inquiry from plaintiffs, and thus to find out whether plaintiffs claimed that they were not delinquent and the factual reasons for their claim," and noting that no court had found a trustee "liable in damages for a failure to make an investigation of the

10

default before foreclosure").

## VI. There is no colorable negligent misrepresentation claim against Kozeny.

Count VI asserts a claim for negligent misrepresentation against both Defendants. The elements of a negligent misrepresentation claim are: (1) the speaker supplied information in the course of his business or because of some other pecuniary interest; (2) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) as a result of the listener's reliance on the statement, the listener suffered a pecuniary loss. *Harris v. Smith*, 250 S.W.3d 804, 808 (Mo. Ct. App. 2008).

The Petition alleges Kozeny represented to "Plaintiffs that it 'worked for' Wells Fargo, that it had no information about Plaintiffs' loan, and that it could not aid or assist Plaintiffs in any way, and failed to provide any information or assistance to Plaintiffs." Pet. at ¶ 102. It also makes conclusory allegations concerning several other elements. For example, it claims "Defendants failed to exercise reasonable care in ensuring that the information it represented to Plaintiff was true and accurate." Pet. at ¶ 103. And that, "[a]s a result of Defendants' failure to exercise reasonable care, and the fact that Defendants were acting negligently, Defendants' representations as described in this Court were false and misleading." Pet. at ¶ 104. With respect to the fourth and fifth elements, Plaintiffs allege they "justifiably relied on Defendants' false representations in applying for loan modifications, making payments, and in deciding what actions to pursue (or not pursue) in relation to the foreclosure process." Pet. at ¶ 105.

Wells Fargo argues, and Plaintiffs do not dispute, that Plaintiffs failed to plead the requisite

11

connection between their reliance on any of Kozeny's statements and their loss. There is no allegation that by relying on any of Kozeny's misrepresentations Plaintiffs were somehow dissuaded from making mortgage payments they otherwise would have made and so defaulted on their loan. While facts in the Petition might support an analogous claim against Wells Fargo, no facts support this claim against Kozeny. Accordingly, Count VI fails to state a colorable claim against Kozeny.

### VII. There is no colorable breach of fiduciary duty claim.

Count VII asserts a breach of fiduciary duty claim against Kozeny only. Under Missouri law, the proponent of a breach of a fiduciary duty tort claim must establish four elements: (1) the existence of a fiduciary relationship between the parties; (2) breach of that duty; (3) causation; and (4) harm. *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373, 381 (Mo. Ct. App. 2000). The law recognizes that a fiduciary relationship exists between the trustee of a deed of trust and both the debtor and creditor. *Killion v. Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo. Ct. App. 1998). The trustee is "the agent of both the debtor and creditor and should perform the duties of the trust with impartiality and integrity." *Id.* When requested by the creditor to foreclose, "the trustee may proceed without making any affirmative investigation unless the trustee has actual knowledge 'of anything which should legally prevent the foreclosure.'" *Id.* (quoting *Spires*, 513 S.W.2d at 378).

The Petition alleges Kozeny breached its fiduciary duty to Plaintiffs by:

    a. failing to investigate the questionable circumstances surrounding the foreclosure despite having actual knowledge of circumstances that would legally prevent foreclosure;

    b. failing to consider evidence that would have prevented

foreclosure;

c. representing that it 'worked for' Wells Fargo;

d. failing to disclose to Plaintiffs any information that prevented it from serving as a neutral;

e. falsely representing that it had no information regarding Plaintiffs' loan;

f. refusing to aid or assist Plaintiffs in any way;

g. selling Plaintiffs home despite the clear lack of legal right to do so; []

h. accepting trustee's fees in the foreclosure sale of Plaintiffs' [home; and]

i. failing to obtain basic information justifying foreclosure, including that:

   i. the actual note holder is the party initiating foreclosure;

   ii. the note holder has authority to act pursuant to the deed of trust;

   iii. the party appointing a successor trustee had the authority to do so; and

   iv. the party initiating foreclosure is not known to provide inaccurate or false information, either intentionally or negligently.[7]

Pet. at ¶ 112.

These assertions fall into two categories: (1) allegations c, e, f, h, and i, which as a matter of

---

[7] This allegation is unclear. Perhaps Plaintiffs meant to assert that the party being foreclosed upon is not known to have provided inaccurate or false information.

law do not establish a breach of fiduciary duty; and (2) allegations a, b, d, g, and i, which assert legal conclusions without sufficient factual support in the Petition to be colorable. The former are not supported by any legal authority or persuasive reasoning. Although Plaintiffs have filed three briefs, they have provided no caselaw or analysis explaining how Kozeny's conduct here breached its fiduciary duty as a trustee under Missouri law. The latter are not colorable claims under Rule 8 and *Iqbal*. For example, with respect to the claim that Kozeny failed to investigate despite having "actual knowledge of circumstances that would legally prevent foreclosure," the Petition does not specify what information Kozeny allegedly possessed which legally prevented foreclosure. On the contrary, the Petition acknowledges that Plaintiffs were in default on the loan. Thus, absent some procedural defect in the sales process, Kozeny had a legal right to foreclose. *See Killion*, 987 S.W.2d at 813 (holding judgment for trustee was appropriate because plaintiffs failed to "provide a *legal* basis for preventing the institution of the foreclosure proceedings, considering that the [plaintiffs] were in default and [the defendants] had the right to foreclose under the deed of trust.").

Accordingly, there is no colorable claim here for breach of fiduciary duty against Kozeny.

**VIII. Plaintiffs cannot maintain an equitable enrichment claim against Kozeny.**

Finally, Count VIII[8] of the Petition asserts a claim against Kozeny for unjust enrichment. It contends that had Kozeny not acted illegally or improperly foreclosed on Plaintiffs, it would not have received fees from them in connection with the foreclosure sale. Consequently, the viability of Plaintiffs' unjust enrichment claim rests upon them showing Kozeny acted unlawfully, that is, they are liable on at least one other claim. Because the Court has held that Counts I – VII fail to

---

[8] The Petition captions this claim "Count X." This is obviously a typographical error.

state any colorable claims against Kozeny, Plaintiffs cannot show Kozeny acted unlawfully and therefore have no colorable claim for unjust enrichment against Kozeny either.

## Conclusion

For the above stated reasons, the Court finds Kozeny was fraudulently joined, therefore Kozeny's citizenship is irrelevant for purposes of determining whether diversity jurisdiction exists. Accordingly, the Court DENIES Plaintiffs' motion to remand (Doc. 22).

Additionally, the Court LIFTS THE STAY imposed by Judge Dorr's Order dated December 18, 2012 (Doc. 28). Any response to Defendants' pending motions to dismiss (Docs. 10, 16) shall be due within fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

Date:   May 14, 2013                         /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT