IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH D. WIVELL and, <br> TINA M. WIVELL, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A. <br> d/b/a WELLS FARGO HOME <br> MORTGAGE, et al., <br><br> Defendants. | Case No. 12-3457-CV-S-DGK |

## ORDER GRANTING MOTION TO DISMISS

This case arises out of the foreclosure of Plaintiffs Kenneth and Tina Wivell's home. Plaintiffs allege that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") advised them to stop making loan payments on their home in order to be eligible for a loan modification but assured them that it would not foreclose on them as a result. Plaintiffs contend they stopped making payments, applied for a modification, and diligently followed Wells Fargo's other instructions. Subsequently, Wells Fargo informed Plaintiffs that they were not eligible for a loan modification. A few days later, Defendant Kozeny & McCubbin, L.C. ("Kozeny"), the trustee on the deed of trust, foreclosed. Plaintiffs are now suing Wells Fargo and Kozeny for unlawful foreclosure and other claims. Now pending before the Court is Defendant Kozeny's Motion to Dismiss Plaintiffs' Complaint (Doc. 10).[1]

---

[1] In ruling on the pending motion, the Court has also considered Kozeny's suggestions in support (Doc. 11) and Plaintiffs' suggestions in opposition (Doc. 43).

## Standard of Review

A court must dismiss a complaint if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, the court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg, Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). Rather, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint . . . does not need detailed factual allegations," a plaintiff must provide the grounds of his entitlement with more than mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545 (internal citations omitted)). A complaint that alleges only "naked assertion[s] devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## Discussion

Plaintiffs' complaint sets forth the following claims against Kozeny: wrongful foreclosure; fraudulent misrepresentation; negligent misrepresentation; violation of the Missouri Merchandising Practices Act; civil conspiracy; negligence; breach of fiduciary duty; and unjust enrichment. In response to Kozeny's motion to dismiss, Plaintiffs indicate that they want to voluntarily dismiss all claims asserted against Kozeny except for the negligence and breach of fiduciary duty claims.

## I. Plaintiffs have failed to state a claim for negligence against Kozeny.

In Count V, Plaintiffs claim that Kozeny breached its duty to "oversee[] the servicing of Plaintiffs' loan" (Doc. 1, Exh. 2). To state a claim for negligence, a plaintiff must prove: "(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages." *Ivey v. Nicholson-McBride*, 336 S.W.3d 155, 157 (Mo. Ct. App. 2011). "The duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust." *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc. 1974). Accordingly, the deed of trust must set forth any duty Kozeny owed to Plaintiffs.

Paragraph 22 of the deed of trust defines Kozeny's duties as: (1) mailing notice of sale to the borrower; (2) advertising the sale; (3) selling the property at an auction to the highest bidder for cash; (4) delivering the trustee's deed to the purchaser; and (5) properly applying the proceeds of the sale (Doc. 1, Exh. 2). The deed of trust contains no language imposing a duty on Kozeny to access information concerning Plaintiffs' loan or to oversee the servicing of Plaintiffs' loan. *Id*.

Plaintiffs' petition does not allege that Kozeny breached any of the duties set forth in the deed of trust or that the deed of trust required Kozeny to oversee the servicing of Plaintiffs' loan before foreclosure. The Missouri Court of Appeals dismissed a case on similar grounds, finding that the plaintiff homeowner's petition did not allege a legal reason preventing foreclosure and the trustee had no legal duty to investigate the foreclosure proceedings. *Sparks v. PNC Bank*, No. ED 98945, 2013 WL 1412034, at *4 (Mo. Ct. App. Apr. 9, 2013) ("When requested by the creditor to foreclose, the trustee may proceed without making any affirmative investigation unless the trustee has actual knowledge 'of anything which should *legally* prevent

the foreclosure.'").

Because Plaintiff's petition fails to identify any duty Kozeny could have breached, it fails to state a claim for negligence against Kozeny. *See Spires*, 513 S.W.2d at 378, 380 (holding that plaintiffs failed to state a claim against the trustee on the theory that "the trustee owed plaintiffs a duty, when directed to foreclose, to make an affirmative investigation, presumably by inquiry from plaintiffs, and thus to find out whether plaintiffs claimed that they were not delinquent and the factual reasons for their claim," and noting that no court had found a trustee "liable in damages for a failure to make an investigation of the default before foreclosure"). Accordingly, this claim is dismissed.

## II. Plaintiffs have failed to state a claim for breach of fiduciary duty against Kozeny.

In order to state a claim for breach of fiduciary duty, a plaintiff must allege the following: (1) the existence of a fiduciary relationship between the parties; (2) breach of that duty; (3) causation; and (4) harm. *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373, 381 (Mo. Ct. App. 2000). A fiduciary relationship exists between the trustee of a deed of trust and both the debtor and creditor, and the trustee should "perform the duties of the trust with impartiality and integrity." *Killion v Bank Midwest, N.A.*, 987 S.W.2d 801, 813 (Mo. Ct. App. 1998). When requested by the creditor to foreclose, "the trustee may proceed without making any affirmative investigation unless the trustee has actual knowledge 'of anything which should legally prevent the foreclosure.'" *Id.* (quoting *Spires*, 513 S.W.2d at 378).

Plaintiffs' petition alleges Kozeny breached its fiduciary duty to Plaintiffs by:

> a. failing to investigate the questionable circumstances surrounding the foreclosure despite having actual knowledge of circumstances that would legally prevent foreclosure;

4

b. failing to consider evidence that would have prevented foreclosure;

c. representing that it 'worked for' Wells Fargo;

d. failing to disclose to Plaintiffs any information that prevented it from serving as a neutral;

e. falsely representing that it had no information regarding Plaintiffs' loan;

f. refusing to aid or assist Plaintiffs in any way;

g. selling Plaintiffs' home despite the clear lack of legal right to do so; []

h. accepting trustee's fees in the foreclosure sale of Plaintiffs' [home; and]

i. failing to obtain basic information justifying foreclosure including that:

　　i. the actual note holder is the party initiating foreclosure;

　　ii. the note holder has authority to act pursuant to the deed of trust;

　　iii. the party appointing a successor trustee had the authority to do so; and

　　iv. the party initiating foreclosure is not known to provide inaccurate or false information, either intentionally or negligently.

The Court has already held in its order on the motion to remand (Doc. 39) that Plaintiffs have not asserted a colorable claim for breach of fiduciary duty against Kozeny. As noted in that order, Plaintiffs assertions fall into two categories: (1) allegations c, e, f, h, and i, which as a matter of law do not establish a breach of fiduciary duty; and (2) allegations a, b, d, g, and i, which assert legal conclusions without sufficient factual support in the petition to be plausible. Accordingly, the Court finds Plaintiffs have not stated a claim for breach of fiduciary duty against Kozeny.

### III. The Court dismisses Plaintiffs' remaining claims against Kozeny.

Pursuant to Fed. R. Civ. P. 41(a)(1)(A), a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Neither defendant has filed an answer or motion for summary judgment. Accordingly, pursuant to Fed. R. Civ. P. 41, the Court dismisses all claims remaining against Kozeny without prejudice.

### Conclusion

For the above stated reasons, the Court GRANTS Defendant Kozeny's motion to dismiss (Doc. 10). Plaintiffs' claims for negligence and breach of fiduciary duty are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs' remaining claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**

DATE: July 9, 2013                     */s/ Greg Kays*
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT