IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH D. WIVELL and TINA M. WIVELL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 6:12-CV-03457-DGK |
| WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE, et al., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER PARTIALLY GRANTING REQUEST FOR ATTORNEYS' FEES

This case arises from the non-judicial foreclosure sale of Plaintiffs Kenneth and Tina Wivell's (the "Plaintiffs") residence. Plaintiffs sued Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Kozeny & McCubbin, L.C. ("Kozeny") alleging a variety of claims related to the denial of Plaintiffs' loan modification application and the subsequent foreclosure sale of their home.[1] In separate orders on July 9, 2013 (Doc. 46) and July 12, 2013 (Doc. 47), the Court dismissed all claims against Kozeny and Wells Fargo. Now before the Court is Wells Fargo's "Motion for Award of Attorneys' Fees" (Doc. 49). Wells Fargo seeks an award of $35,691.

Because the Deed of Trust (the "DOT") requires Plaintiffs to pay reasonable attorneys' fees incurred by Wells Fargo in defending its interest in the property, the Court holds that Wells Fargo is entitled to attorneys' fees. The Court, however, defers the determination of the

---

[1] Plaintiffs filed the lawsuit in the Circuit Court of Pulaski County, Missouri. The eight-count complaint alleged (1) wrongful foreclosure (Count I), (2) fraudulent misrepresentation (Count II), (3) violations of the Missouri Merchandising Practices Act (Count III), (4) civil conspiracy (Count IV), (5) negligence (Count V), (6) negligent misrepresentation (Count VI), (7) breach of fiduciary duty against Kozeny (Count VII), and (8) unjust enrichment against Kozeny (Count VIII). On October 17, 2012, Defendants removed the action to this Court based on diversity jurisdiction (Doc. 1), and, following a stay of the litigation, this Court denied Plaintiffs' motion to remand on May 14, 2013 (Doc. 39).

reasonableness of the requested attorneys' fees until after Wells Fargo provides the Court with an itemized billing statement.

## Standard of Review

"In a diversity action, state law governs the availability of attorneys' fees where no conflicting federal statute or court rule applies." *Weitz Co. v. MH Washington*, 631 F.3d 510, 528 (8th Cir. 2011). Under Missouri law, attorneys' fees are recoverable from another party where the contract at issue in the litigation provides for them. *Simpson v. Simpson,* 295 S.W.3d 199 (Mo. Ct. App. 2009).

Where attorneys' fees are available, federal procedural rules govern how a litigant requests them. *See Karl's, Inc. v. Sunrise Computers, Inc.*, 21 F.3d 230, 232 (8th Cir. 1994) (holding decision whether to conduct a hearing on attorneys' fees award is a matter of procedure governed by federal law). Federal Rule of Civil Procedure 54 provides that a party may seek attorneys' fees by (1) filing a motion no later than fourteen days after the entry of judgment; (2) specifying the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) stating the amount sought or providing a fair estimate of the amount sought; and (4) disclosing the terms of any agreement about fees for the services for which the claim is made, if the court so orders. Fed. R. Civ. P. 54(d)(2).

## Discussion

The sole dispute between the parties is whether the DOT or the Promissory Note (the "Note") entitles Wells Fargo to its attorneys' fees incurred in defending this lawsuit. Plaintiffs contend that the DOT and Note only entitle Wells Fargo to attorneys' fees incurred prior to and including foreclosure, not for defending lawsuits, like this one, arising after foreclosure. Wells Fargo argues that the plain language of both the DOT and Note entitles it to recover attorneys' fees for defending suits that arise after foreclosure.

**I.   Wells Fargo is entitled to attorneys' fees under the Deed of Trust.**

Wells Fargo contends that the plain language of Section 22 of the DOT requires Plaintiffs to reimburse Wells Fargo for all attorneys' fees incurred in defending this lawsuit. Plaintiff argues that an award of attorneys' fees under Section 22 is only warranted for the remedies explicitly mentioned in that provision, namely accelerating the note, requiring payment in full, and foreclosing on the property.

In relevant part, Section 22 of the DOT (Doc. 51-1 at 14) provides that:

> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

The plain language of this provision limits the award of attorneys' fees to those incurred by pursuing the remedies articulated in Section 22, i.e. demand of immediate payment or foreclosure. There is no language in this provision to suggest that the defense of a post-foreclosure lawsuit is encompassed within the definition of remedies. *See Crowden v. Fannie Mae*, No. 3:11-CV-1083-HZ, 2012 WL 3314823, at *2 (D. Or. Aug. 10, 2012) ("In other words, it is simply unclear from the plain language of the Deed of Trust that the term 'pursuing the remedies in…Section 22' specifically includes the defense of an action brought by Plaintiff challenging the non-judicial sale which had already been pursued and completed months before the action had been filed."). The few cases in which courts have awarded attorneys' fees based on this contractual provision involved pre-foreclosure lawsuits. *See City of Kansas City, Missouri v. Hous. & Eco. Dev. Fin. Corp.*, No. 05-0368-CV-W-GAF, 2010 WL 1487880, at *5 (W.D. Mo. Mar. 26, 2010) (awarding attorneys' fees under similar contractual provision when defendant prevailed in a lawsuit in which the plaintiff sought an injunction to prevent

foreclosure); *Mortensen v. Mortg. Elec. Registration Sys., Inc.*, No. 09-0787-WS-N, 2011 WL 1675269, at *1-5 (S.D. Ala. May 3, 2011) (same). In those cases, the defendants were still in the process of foreclosing on the property when the plaintiffs sued, thus, in order to invoke the power of sale remedy mentioned in Section 22, the defendants had to first successfully defend the lawsuits.

Here, in contrast, Wells Fargo had previously pursued and obtained its Section 22 foreclosure remedy, and its defense in the instant action was focused on upholding the foreclosure sale. While defending this lawsuit, which in part sought to void the foreclosure sale, was a logical and necessary step in protecting its Section 22 foreclosure remedy, the plain language of this provision does not explicitly provide attorneys' fees to Wells Fargo for those legal actions.

Nonetheless, the Court finds that another contractual provision provides for attorneys' fees in defending this post-foreclosure lawsuit. Section 9 of the DOT (Doc. 51-1 at 8) states in relevant part:

> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, [or] (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument…, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument….Lender's actions can include but are not limited to: (c) paying reasonable attorneys' fees to protect its interest in the Property and/or right under this Security Instrument….Any amounts disbursed by Lender under this Section 9 shall become additional debt secured by this Security Instrument.

Courts interpreting this exact provision have consistently held that this language provides for an award of attorneys' fees in lawsuits seeking to enjoin foreclosure. *See, e.g., Simicek v. Wells Fargo Bank, N.A.,* No. H:12-1545, 2013 WL 5425126, at *4 (S.D. Tex. Sept. 26, 2013) ("When plaintiffs who are in default on their loans bring unsuccessful actions to forestall

4

foreclosure, the courts have consistently upheld claims for attorneys' fees based on similar or identical language."). The courts have reasoned that a lawsuit seeking an injunction "significantly affects" the lender's rights because the lawsuits forestall the foreclosure sale. *Gilbert v. World Savings Bank, FSB*, No. C-10-05162-WHA, 2011 WL 995966, at *2 (N.D. Cal. Mar. 21, 2011). Similarly, other courts interpreting this broadly-worded provision have adopted this rationale in awarding attorneys' fees in post-foreclosure lawsuits which seek to void the sale. *See Copeland-Turner v. Wells Fargo Bank, N.A.*, No. CV-11-37-HZ, 2011 WL 5117877, at *7 (D. Or. Oct. 25, 2011) (awarding attorneys' fees to prevailing lender in post-foreclosure suit by plaintiff that sought, in part, to overturn the foreclosure sale); *May v. Wells Fargo Bank, N.A.*, No. 4:11-3516, 2013 WL 4647673, at *5 (S.D. Tex. Aug. 29, 2013) (same); *Tyson v. Wells Fargo Bank, N.A.*, No. 12-cv-593-MMA, 2012 WL 3126811, at *3 (S.D. Cal. July 31, 2012) ("Plaintiff filed suit challenging the trustee's sale on the Property, which would have significantly affected Moving Defendants' interest in the Property.").

Plaintiffs, like the plaintiffs in *Copeland-Turner*, *May*, and *Tyson*, sued Wells Fargo under a variety of legal theories, including wrongful foreclosure. If successful on their wrongful foreclosure claim, the foreclosure sale would have been void or voidable. *See Wivell v. Wells Fargo Bank, N.A.*, No. 12-3457-CV-S-DGK, 2013 WL 3665529, at *3 (W.D. Mo. July 12, 2013). Therefore, the instant case constituted a legal proceeding that might have significantly affected Wells Fargo's interest in Plaintiffs' residence. Accordingly, under Section 9 of the DOT, Wells Fargo is entitled to an award of attorneys' fees for defending this lawsuit. *See also Millon v. JPMorgan Chase Bank, N.A.*, No. 12-2472, slip op. at 1 (8th Cir. Aug. 13, 2013)

5

(granting a loan servicer's uncontested request for attorneys' fees under an identically worded Deed of Trust provision).[2]

## II. The Court requests further information to determine the reasonableness of the attorneys' fees.

Wells Fargo has requested an attorneys' fees award of $35,691.00. While this request satisfies the fair estimate requirement in Federal Rule 54(d)(2), the Court needs further information to determine whether its request is reasonable. Accordingly, Wells Fargo is ORDERED to provide the Court with an itemized billing statement of all attorney hours worked in this case. Wells Fargo may redact privileged information on the billing statement. Wells Fargo may also attach a memorandum in support not to exceed five (5) pages. Once Wells Fargo provides this statement, Plaintiffs may file a reply memorandum in opposition not to exceed five (5) pages.

**Conclusion**

For the reasons discussed above, Wells Fargo's "Motion for Award of Attorneys' Fees" (Doc. 49) is GRANTED IN PART. The Court ORDERS Wells Fargo to provide the Court with an itemized billing statement of attorneys' hours worked in this case on or before Friday, December 27, 2013. Plaintiffs may then file a memorandum in opposition on or before Monday, January 13, 2014.

**IT IS SO ORDERED.**

Date:  December 12, 2013   /s/ Greg Kays
　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

---

[2] Because the Court finds that the Deed of Trust provides a basis for awarding attorneys' fees, the Court does not address the parties' arguments regarding the Note.