# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH D. WIVELL and <br> TINA M. WIVELL, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. 6:12-CV-03457-DGK |
| WELLS FARGO BANK, N.A., d/b/a <br> WELLS FARGO HOME MORTGAGE, <br> et al., | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER PARTIALLY GRANTING REQUEST FOR ATTORNEYS' FEES

This case arises from the non-judicial foreclosure sale of Plaintiffs Kenneth and Tina Wivell's ("Plaintiffs") residence. Plaintiffs sued Defendants Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") and Kozeny & McCubbin, L.C. ("Kozeny") alleging a variety of claims related to the denial of Plaintiffs' loan modification application and the subsequent foreclosure sale of their home. In separate orders on July 9, 2013 (Doc. 46) and July 12, 2013 (Doc. 47), the Court dismissed all claims against Kozeny and Wells Fargo.

Shortly thereafter, Wells Fargo filed a motion to recover $35,543[1] in attorneys' fees (Doc. 49). The Court subsequently held that although Section 9 of the Deed of Trust ("DOT") entitled Wells Fargo to its attorneys' fees incurred in defending this action, it would defer ruling on the fee request until after Wells Fargo provided the Court with itemized billing statements (Doc. 55). Now before the Court is Wells Fargo's itemized billing statements (Doc. 55, Ex. A) and the parties' supplemental briefing on the reasonableness of the attorneys' fees (Docs. 56, 57,

---

[1] In its motion for attorneys' fees (Doc. 49), Wells Fargo requests $35,691. However, in its most recent briefing (Doc. 56 at 5), Wells Fargo has reduced the fee request to $35,543 in order to reflect the discounting of paralegal fees.

& 58). For the reasons articulated below, the Court holds that a reasonable award of attorneys' fees is $21,806.

## Discussion

Although the reasonableness of the requested attorneys' fees is the focus of the most recent briefing, Plaintiffs also make several arguments attacking the imposition of attorneys' fees in general. The Court addresses these arguments prior to evaluating the reasonableness of Defendant's fee request.

### A. The Court declines to stay the imposition of attorneys' fees.

Plaintiffs request the Court withhold its ruling until after the Eighth Circuit reviews this Court's orders denying remand (Doc. 39) and dismissing the claims against Defendant (Doc. 47). Plaintiffs note that an Eighth Circuit decision reversing these orders would moot the imposition of attorneys' fees because Defendant would no longer be the prevailing party.

While an Eighth Circuit decision reversing either of the Court's rulings would necessarily also reverse the order awarding attorneys' fees (Doc. 55), the interests of judicial economy and the policy of avoiding piecemeal appeals counsel against staying this ruling. The Eighth Circuit has articulated a preference for hearing an appeal of an order awarding attorneys' fees simultaneously with an appeal regarding the substantive merits of the same case. *Maristuen v. Nat'l Ins. Co.*, 57 F.3d 673, 678 (8th Cir. 1995). As Defendant notes, although the parties' have completed briefing in the appeal of the substantive orders in this case, the Eighth Circuit has yet to set oral argument. Thus, ruling on the attorneys' fees request at this time permits Plaintiffs to appeal this order so that the Eighth Circuit may consider it in conjunction with the substantive appeal. Accordingly, the Court declines to stay its ruling on the reasonableness of Defendant's attorneys' fees request.

**B. The entries in Defendant's billing statements demonstrate that it is entitled to attorneys' fees incurred in this litigation.**

Previously, the Court ruled that Plaintiffs' lawsuit triggered an attorneys' fees provision in the DOT because this action fell within Section 9's definition of a "legal proceeding which might significantly affect" Defendant's interest in Plaintiffs' former residence. Relying on this holding, Plaintiffs now contend that Defendant may only recover attorneys' fees for tasks directly undertaken to protect its rights under Section 9—i.e., fees incurred in defending against claims that might affect its interest in the property. Plaintiffs argue that Defendant's billing statements reveal that Defendant only incurred fees in its defense of "six tort claims…seeking monetary relief," which were unrelated to protecting its interest in the property or rights under the security instrument.

Plaintiffs' argument is unavailing. First, in its attempt to recast this proceeding as an action that solely seeks monetary relief for Defendant's alleged torts, Plaintiffs overlook other allegations in their complaint. Plaintiffs' first count raised a wrongful foreclosure claim, and, as an alternative claim for relief in this count, Plaintiffs requested that the Court set aside the foreclosure sale (Doc. 1-2 at 9-10). Likewise, other portions of the complaint alleged that Wells Fargo conducted the sale in direct conflict with the terms of the DOT (Doc. 1-2 at 8). Thus, a central issue in this dispute was whether the foreclosure sale was void because Wells Fargo had no right to foreclose under the DOT. Failure to rebut these allegations could have led to the Court setting aside the foreclosure sale. Therefore, this proceeding was not solely focused upon "six tort claims…seeking monetary relief."

Moreover, the remaining claims were closely related to the wrongful foreclosure claim. All the counts rested upon the bedrock allegation that Wells Fargo misled Plaintiffs into failing to make mortgage payments and then wrongfully foreclosed on the property. In fact, many of

the counts incorporated the wrongful foreclosure allegations into the other causes of action (Doc. 1-2 at 13, 15, 16). Therefore, Defendant had to defend the propriety of its foreclosure in addressing the other tort claims as well.

Finally, as a practical matter, Defendant could not solely contest the wrongful foreclosure claim in Count I without also addressing the remaining tort claims. In order to defeat Plaintiffs' motion to remand, Defendant had to demonstrate that the trustee Kozeny was fraudulently joined in every count. Additionally, in the interests of efficiency, Defendant properly included all of Plaintiffs' claims—not just the wrongful foreclosure claim—when it moved for dismissal under Rule 12(b)(6). In short, as part of its defense of the wrongful foreclosure claim that sought to set aside the foreclosure sale, the Defendant also necessarily incurred fees in addressing the remaining claims.

Consequently, in analyzing the reasonableness of Defendant's fee request, the Court considered all the billing statement entries for this action, not just those related to defending the wrongful foreclosure claim.

**C. Defendant is not entitled to its attorneys' fees from a prior related lawsuit.**

In early 2012, Plaintiffs, while represented by different counsel, filed a four-count lawsuit against Defendant based on the same factual scenario at issue in this case. That case ultimately resulted in a stipulated dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See Wivell v. Wells Fargo Bank*, No. 12-3091-CV-S-RED, Doc. 17 at *1 (W.D. Mo. April 23, 2012). As part of its $35,543 in fees, Defendant requests the Court include approximately $12,550 incurred during this related but distinct action.

The Court declines to grant Defendant its attorneys' fees incurred during the previous litigation. Defendant readily admits that when it agreed to dismiss the prior action without

4

prejudice, there was no entry of judgment (Doc. 58 at 2).[2]  Accordingly, Defendant was not entitled to recover attorneys' fees under Rule 54(d)(2) in that action, because this rule only allows for an award when the movant can "specify the *judgment* and...other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d)(2)(B)(ii) (emphasis added).  Given Defendant's inability to recover attorneys' fees under Rule 54(d)(2) in the prior proceeding, it would be inappropriate to now allow it to recover those fees by lassoing them to its Rule 54(d) motion in this case.

Defendant's failure to recover its attorneys' fees in the first action—despite its ability to do so—also supports the Court's conclusion.  Defendant could have conditioned its joining in the stipulation of dismissal under Rule 41(a)(1)(A)(ii) upon Plaintiffs' agreement to reimburse it for its attorneys' fees or costs.  Alternatively, Defendant could have refused to join Plaintiffs' motion for voluntary dismissal under Rule 41(a)(1)(A)(ii), thereby relegating Plaintiffs to filing for dismissal under Rule 41(a)(2).  Defendant could have then requested the Court condition the dismissal upon Plaintiffs paying Defendant's costs and attorneys' fees.  Additionally, Defendant could have petitioned the Court for costs under Rule 41(d) after Plaintiffs filed this action.  Defendant, however, did not avail itself of these options, and the Court will not reward its failure to do so by allowing it to recover those fees in this action.  For these reasons, the Court holds that Defendant is not entitled to recover the $12,550 in attorneys' fees from the first action.

**D. Defendant is awarded $21,806 in attorneys' fees.**

In determining a reasonable award of attorneys' fees under Missouri law, a court must consider: (1) the time expended; (2) the nature, character, and amount of services rendered; (3)

---

[2] A stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is essentially self-executing.  *See Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of a such a stipulation of dismissal is effective automatically and does not require judicial approval.").  Thus, when the parties filed its stipulation of dismissal in the prior action, the case was dismissed. *Wivell v. Wells Fargo Bank*, No. 12-3091-CV-S-RED, Doc. 17 at *1 (W.D. Mo. April 23, 2012).

the nature and importance of the litigation; (4) the degree of responsibility imposed on the attorney; (5) the amount of money involved; (6) the degree of professional ability, skill, and experience called for and used; and (7) the result obtained. *Weitz Co. v. MH Washington*, 631 F.3d 510, 528-29 (8th Cir. 2011).

Defendant contends that they are entitled to $22,993[3] in attorneys' fees from this action (Doc. 56 at 4). In its briefing (Docs. 50-4 & 56), Defendant states that its primary attorneys on this action charged $190 to $367 per hour, but Defendant fails to mention the rate charged for the paralegals' work. Defendant contends the blended rate for all services provided is approximately $233.52 per hour.[4] Although Defendant provided an itemized billing statement to the Court, it failed to give totals for the number of attorney and paralegal hours worked. Based upon the Court's calculations, it appears that Defendant's attorneys billed approximately 93.3 hours and the paralegals billed 12.8 hours in this action.[5] After weighing the factors articulated in *Weitz*, the Court holds that $21,806 is a reasonable award of attorneys' fees for this case.

Several factors weigh in favor of awarding Defendant the majority of its attorneys' fees. First, the Court finds that the time expended in this litigation was reasonable. Although this case followed the traditional procedural progression for a wrongful foreclosure case—i.e., removal to federal court, denial of Plaintiffs' motion to remand, and dismissal under 12(b)(6)—the substantive claims asserted here were not meritless. Plaintiffs' 128 paragraph complaint raised a

---

[3] It is unclear from the records presented to the Court how Defendant arrived at this amount because it is actually less than the total number of hours worked in this action multiplied by the purported blended rate. Rather than speculate as to the methods employed to reach this figure, the Court recalculated the hours actually worked in this case.

[4] While it is unclear, the Court assumes that this blended rate includes the paralegals' hourly rates.

[5] The Court calculated all of the attorney and paralegal hours expended during this action by adding all hour entries from August 22, 2012 (Doc. 56-1 at 6) through July 16, 2013 (Doc. 56-1 at 18). The Court excluded all hours incurred in the drafting the motion for attorneys' fees and all hours from the prior action. The Court also excluded all entries from the above time period which possessed the designation of "discounted," because Defendant's briefing suggests these entries were not included in its final request for attorneys' fees (Doc. 56 at 5).

variety of allegations under several different legal theories. In order to successfully remove this case and avoid remand, Defendant had to demonstrate that Plaintiffs fraudulently joined Kozeny under all eight counts in the complaint. Similarly, to get the case dismissed, Defendant had to show that each of the six counts against it failed to state a claim. And, as Defendant notes, the issues implicated in the motion to remand and the motion to dismiss required extensive research, analysis, and briefing from both parties, which ultimately resulted in two significant orders from the Court. Contrary to Plaintiffs' contentions, Defendant's legal work in the prior lawsuit did not provide a template for this litigation because the current action asserted four new claims against Defendant and also added Kozeny as a party. While the first lawsuit oriented Defendant with the underlying factual basis for the claims, it did not decrease the amount of research and analysis necessary to refute the new legal theories raised in this action. Accordingly, the Court finds that the 93.3 attorney hours and 12.8 paralegal hours incurred during this litigation were reasonable.

Secondly, the result obtained also supports awarding Defendant the majority of its fees. Defendant's attorneys' work in fending off the motion to remand and moving for dismissal ultimately controlled the outcome of this case. Achieving such a favorable result at an early stage of the case saved Defendant the added expense of further litigation and prevented the potential imposition of hundreds of thousands of dollars in liability.

That said, several other factors weigh against awarding the fees at the requested blended rate of $233.52 per hour. Although this case involved somewhat atypical claims for a wrongful foreclosure case, the issues presented were not so complex as to require a highly experienced attorney, nor did the case call for unique, specialized, or overly-involved services. Accordingly, the Court finds that an appropriate attorney rate for this case is $220 per hour and an appropriate paralegal rate is $100 per hour. *See Barnes v. Fed. Home Loan Mortg. Corp.*, No. 12-CV-6062-DGK, Doc. 77 at *5 (W.D. Mo. Nov. 1, 2013) (similar amounts as reasonable billing rates for

attorneys and paralegals in the Kansas City area working on similar litigation).  Accordingly, the Court awards Defendant $21,806 in reasonable attorneys' fees.[6]

## Conclusion

For the foregoing reasons, Defendant shall recover $21,806 in attorneys' fees from Plaintiffs.

**IT IS SO ORDERED.**

Date:   March 4, 2014           /s/ Greg Kays
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

---

[6] The calculation is as follows:  93.3 hours of attorney time at a rate of $220 per hour equals $20,526; 12.8 hours of paralegal time at a rate of $100 per hour equals $1,280; $20,526 plus $1,280 equals $21,806.