# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH D. WIVELL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 6:12-CV-3457-DGK |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This matter is before the Court on a discovery dispute. Pursuant to Local Rule 37.1, the Court reviewed briefs submitted by the parties and on June 16, 2015, the Court held a telephone hearing during which it heard argument from Plaintiffs' counsel Alicia Campbell and Defendant's counsel Eric Martin. The Court now rules as follows.

Plaintiffs seek expansive discovery from Defendant, including "WF [Wells Fargo] policies and procedures, other claims against WF in Missouri in the last 5 years, governmental investigations and findings related to WF, the division of labor of employees at WF, WF's ability to modify the Wivell's loan, and dual tracking done by WF." They claim, "All of this information relates to notice and knowledge of WF, whether WF violated its own policies, whether the Wivells were treated unfairly, and punitive damages."

These sorts of materials broadly relate to Plaintiffs' punitive damages claim—i.e., whether Defendant violated the Missouri Merchandising Practices Act with "evil motive or reckless indifference." *See Chong v. Parker*, 361 F.3d 455, 458–59 (8th Cir. 2004). However, these discovery requests, as written, are overbroad because they seek policies and procedures

that did not necessarily apply to Plaintiffs' case, and information on investigations and legal claims that do not necessarily bear on Defendant's actions in Plaintiffs' case.

Therefore, the Court will limit the scope of Plaintiffs' requests. *See WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (holding the district court did not abuse its discretion in denying an "excessively broad" discovery request relating to tens of thousands of donors, in part because the movant "never attempted to narrow the scope of its request"). Defendant shall respond to the discovery requests in Doc. 100-1, except that it need only produce responsive materials that relate or applied to Plaintiffs' loan or deed of trust. The parties shall work out a timetable for Defendant to do so.

**IT IS SO ORDERED.**

Date:  June 16, 2015              /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT